# EXHIBIT D

**STATE OF SOUTH CAROLINA**

COUNTY OF BEAUFORT

LAKE COMO, LLC

Plaintiff(s)

vs.

JENNIFER R. BERGMANN, DOCKS SHELL, LLC, AND SAND HILL STATIONS OF BLUFFTON,

Defendant(s)

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

2016 -CP- 07 -00260

| | |
|---|---|
| Submitted By: | J. Ashley Twombley |
| Address: | 311 Carteret Street |
| | Beaufort, SC 29902 |
| SC Bar #: | 72916 |
| Telephone #: | (843) 982-0100 |
| Fax #: | (843) 982-0103 |
| Other: | |
| E-mail: | twombley@twlawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299)___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499)___ |
| ☐ Employment (180) | | ☐ Other (399)___ | |
| ☐ Other (199)___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799)___ | |
| ☐ Other (699)___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

Submitting Party Signature: _____     Date: January 29, 2016

SCCA / 234 (12/2015)                              Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |

Lake Como, LLC, ) Civil Action No.: 2016-CP-07-00260
)
Plaintiff, )
)
vs. ) SUMMONS
)
)
Jennifer R. Bergmann, Docks Shell, )
LLC, and Sand Hill Stations of Bluffton, )
LLC )
)
Defendants. )
)

TO:   DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Plaintiff by and through its attorney(s), J. Ashley Twombley of TWENGE + TWOMBLEY LAW FIRM, 311 Carteret Street, Beaufort, SC 29902, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint. Any answer or responsive pleading that you serve on the parties in this action must be filed with the Clerk of Court within a reasonable period of time after service.

TWENGE + TWOMBLEY LAW FIRM

BY: _____
J. ASHLEY TWOMBLEY
311 Carteret Street, Beaufort, SC 29902
Telephone: (843) 982-0100
Facsimile: (843) 982-0103
www.twlawfirm.com
Attorneys for Plaintiffs

Beaufort, South Carolina
January 29, 2016

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF BEAUFORT | ) | FOURTEENTH JUDICIAL CIRCUIT |
| | | |
| Lake Como, LLC, | ) | Civil Action No.: 2016-CP-07-_00260_ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| | ) | |
| Jennifer R. Bergmann, Docks Shell, LLC, and Sand Hill Stations of Bluffton, LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lake Como, LLC, complaining of Defendants Jennifer R. Bergmann, Docks Shell, LLC, and Sand Hill Stations of Bluffton, LLC, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Lake Como, LLC, (hereinafter Lake Como) is a South Carolina limited liability company organized and operating under the laws of the State of South Carolina.

2. Upon information and belief, Defendant Jennifer R. Bergmann (hereinafter Bergmann) is a citizen and resident of the County of Beaufort, State of South Carolina.

3. Defendant Docks Shell, LLC, (hereinafter Docks Shell) is a South Carolina limited company organized and operating under the laws of the State of South Carolina.

4. Defendant Sand Hill Stations of Bluffton, LLC (hereinafter Sand Hill Stations) is a South Carolina limited company organized and operating under the laws of the State of South Carolina.

5. Jurisdiction and venue in this Court are proper.

## FACTS

6. Based upon the significant and detailed representations of Bergmann, Lake Como invested substantial sums of money into two LLCs, Docks Shell and Sand Hills Stations.

7. Bergmann was the manager of both LLCs and owed fiduciary duties to Lake Como.

8. While serving as the manager of both LLCs, Bergmann converted money that belonged to the LLCs to her personal use by, among other things, transferring funds that belonged to the LLCs and to Lake Como to her personal accounts.

9. For example, in 2014, Bergmann used Docks Shell's debit/credit card to pay for personal services and items at Nails 365 Spa, Diva Nail and Spa, Kate Spade, Helzberg Diamond, Riverwalk Animal Hospital, and One Ocean (among others).

10. Bergmann used Sand Hill Stations' funds to pay Oldfield club dues, College of Charleston, Palmetto Moon, Pods, Ann Taylor Loft, Everything Williamsburg, and the University of South Carolina (among others).

11. In addition, Bergmann also transferred money that belonged to the LLCs to other bank accounts that belonged to companies that Bergmann had signature authority over, including but not limited to Pro Quis, LLC, JK Developers, LLC, JLR Realty Group, LLC, JLR Realty, LLC, and Kenneth Scott Builders, LLC.

12. In October of 2014, Bergmann met with a representative of Lake Como and other investors in the LLCs wherein Bergmann made material and false representations to Lake Como, including but not limited to the following:

2

 a. That Docks Shell, LLC was "fine" and "in the black" and was able to pay and cover all of its bills in light of a management agreement Bergmann had secured for the benefit of Docks Shell;

 b. That there was "no fear" that Docks Shell was in financial trouble;

 c. That she had other investors who were willing to invest in the LLCs such that the LLCs could lawfully secure loans to pay back Lake Como and the other investors;

 d. That certain financial institutions were willing and able to refinance some of the LLCs' loans which would be used to pay back Lake Como and the other investors;

 e. That all of the LLCs' bills had been paid, and that no late payments had been made in the past 60 days; and

 f. Numerous other representations to be proven at trial

13. The representations made by Bergmann were false and misleading, and Bergmann made them to buy additional time from her investors so she could convert more money to her personal use.

14. Due to Bergmann's actions and inactions, Lake Como never received any return on any of the investments it made in the LLCs, and moreover, Lake Como lost every dime it invested in both LLCs.

15. In addition, both LLCs had to either be sold or shut down.

## FOR A FIRST CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

16. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

3

17. As Manager of Docks Shell, Bergmann owed fiduciary duties to Lake Como.

18. Bergmann has breached and continues to breach her fiduciary duties to Lake Como in the various manners, which include but are not limited to the following

    a. Failing to timely pay debts of Docks Shell;

    b. Wrongfully using Docks Shell's information and property to further her personal interests;

    c. Failing to give Lake Como and other members full and accurate information relating to Docks Shell's business, her business abilities and acumen, and/or any proposed sale;

    d. Comingling funds owned by Sand Hill Station, Docks Shell, and other LLCs; and

    e. In such other particulars as set forth herein and as the evidence and further discovery in the case may demonstrate.

19. As Manager of Sand Hill Stations, Bergmann owed fiduciary duties to Lake Como.

20. Bergmann has breached and continues to breach her fiduciary duties to Lake Como in the various manners, which include but are not limited to the following

    a. Failing to timely pay debts of Sand Hill Stations;

    b. Wrongfully using Sand Hill Stations' information and property to further her personal interests;

    c. Comingling funds owned by Sand Hill Stations, Docks Shell, and other LLCs;

Case 16-80113-dd    Doc 1-4    Filed 08/12/16    Entered 08/12/16 10:10:37    Desc
Exhibit D    Page 9 of 15

d. Failing to give Lake Como and other members full and accurate information relating to Sand Hill Stations' business, her business abilities and acumen, and/or any proposed sale; and

e. In such other particulars as set forth herein and as the evidence and further discovery in the case may demonstrate.

21. As a result of these breaches of fiduciary duty, Lake Como lost its total investments in both Docks Shell and Sand Hill Stations and lost profits that would have been realized had the businesses been properly managed.

22. As a result of these violations, Lake Como has been damaged in an amount to be proved at the trial of this action, including but not limited to its lost investment.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract/Breach of Obligation of Good Faith and Fair Dealing)

23. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

24. The Operating Agreement, along with South Carolina law, governs Lake Como and Bergmann as member and manager of Docks Shell.

25. Bergmann breached the Operating Agreement of Docks Shell and the obligations of good faith and fair dealing in the following ways:

a. Failing to use her best efforts to carry out the purposes of Docks Shell;

b. Committing fraud, including failing to correctly list members of Docks Shell on credit applications and failing to provide truthful and accurate information to Lake Como;

c. Failing to pay proper attention to her duties as manager;

5

    d. Engaging in willful misconduct, including but not limited to using Docks Shells' funds for her own personal use;

    e. Comingling Docks Shells' funds with funds of Sand Hill Stations and other LLCs; and

    f. In such other particulars as set forth herein and as the evidence and further discovery in the case may demonstrate.

26. The Operating Agreement, along with South Carolina law, governs Lake Como and Bergmann as member and manager of Sand Hill Stations.

27. Bergmann breached the Operating Agreement of Sand Hill Stations and the obligations of good faith and fair dealing in the following ways:

    a. Failing to use her best efforts to carry out the purposes of Sand Hill Stations;

    b. Failing to pay proper attention to her duties as manager;

    c. Engaging in willful misconduct, including but not limited to using Sand Hill Stations' funds for her own personal use;

    d. Comingling Sand Hill Stations' funds with funds of Docks Shell and other LLCs; and

    e. In such other particulars as set forth herein and as the evidence and further discovery in the case may demonstrate.

28. As a result of these breaches, Lake Como lost its total investments in both Docks Shell and Sand Hill Stations and lost profits that would have been realized without these breaches.

29. As a result of these violations, Lake Como has been damaged in an amount to be proved at the trial of this action, including but not limited to its lost investment.

## FOR A THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT)

30. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

31. Bergmann and Docks Shell breached their contract with Lake Como.

32. Bergmann and Docks Shell had fraudulent intent relating to the breaches of the contract, for example co-mingling funds in an attempt to cover up Bergmann's personal use of Docks Shell's funds.

33. Bergmann and Docks Shell committed fraudulent acts accompanying the breaches of contract such as using Dock Shell's funds to pay for personal items and services.

34. Bergmann and Sand Hill Stations breached their contract with Lake Como.

35. Bergmann and Sand Hill Stations had fraudulent intent relating to the breaches of the contract, for example co-mingling funds in an attempt to cover up Bergmann's personal use of Sand Hill Stations' funds.

36. Bergmann and Sand Hill Stations committed fraudulent acts accompanying the breaches of contract such as using Sand Hill Stations' funds to pay for personal items and services.

37. As a result of these breaches, Lake Como lost its total investments in both Docks Shell and Sand Hill Stations and lost profits that would have been realized without these breaches.

38. As a result of these violations, Lake Como has been damaged in an amount to be proved at the trial of this action, including but not limited to its lost investment.

39. These breaches of contract accompanied by fraudulent act were willful, wanton, and in reckless disregard of Lake Como's rights, and therefore, Lake Como is entitled to an

7

award of punitive damages in addition to actual damages, both to be determined at the trial of this action.

### FOR A FOURTH CAUSE OF ACTION
### (FRAUDULENT MISREPRESENTATION)

40. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

41. Bergmann and Docks Shell made false representations of material fact to Lake Como, including that Bergmann was a competent, experienced and capable businessperson, that Docks Shell was financially stable when it in fact was not, that Lake Como's investment was safe, and that Bergmann was going to refinance the debt with Coastal State Bank so that she would be the sole guarantor and then buy out Lake Como's interest.

42. Bergmann and Sand Hill Station made false representations of material fact to Lake Como, including that Bergmann was a competent, experienced and capable businessperson.

43. Bergmann, Docks Shell, and/or Sand Hill Stations knew the representations were false or acted with reckless disregard for the truth or falsity of the representations

44. Bergmann, Docks Shell, and/or Sand Hill Stations intended that Lake Como rely and act on these false representations.

45. Lake Como was, at all times, ignorant as to the falsity of the false representations.

46. Lake Como justifiably relied upon the truth of false representations of Bergmann, Docks Shell, and/or Sand Hill Stations.

47. Lake Como had a right to rely upon the truth of the false representations.

48. Lake Como has suffered a pecuniary loss as the proximate result of its reliance upon the false representations of Bergmann, Docks Shell, and/or Sand Hill Stations.

49. As a result of the fraudulent representations of Bergmann, Docks Shell, and/or

8

Sand Hill Stations, Lake Como is entitled to recover actual or compensatory damages and punitive damages in amounts to be determined during the trial of this action.

### FOR A FIFTH CAUSE OF ACTION
### (NEGLIGENCE/GROSS NEGLIGENCE)

50. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

51. Bergmann, Docks Shell, and Sand Hill Stations owed duties to Lake Como, including but not limited to,

    a. a duty to act with due care,;

    b. a duty to act reasonably;

    c. a duty to act in accordance with the law;

    d. a duty to refrain from committing fraud and misrepresentations;

    e. a duty to fully investigate the consequences of proposed actions; and

    f. a duty to act so as not to cause harm to Lake Como.

52. By their actions and inactions, as stated herein, Bergmann, Docks Shell, and Sand Hill Stations breached the duties owed to Plaintiff.

53. The conduct of Bergmann, Docks Shell, and Sand Hill Stations was reckless.

54. As a proximate result of the breaches of duties by Bergmann, Docks Shell, and Sand Hill Stations, Lake Como suffered injuries and damages.

55. Bergmann, Docks Shell, and Sand Hill Stations are liable to Plaintiff for actual and punitive damages as well as any other relief available under the law.

9

## FOR A SIXTH CAUSE OF ACTION
## (NEGLIGENT MISPRESENTATION)

56. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

57. Bergmann, Docks Shell, and Sand Hill Stations made false representations to Lake Como.

58. Bergmann, Docks Shell, and Sand Hill Stations had a pecuniary interest in making these false representations.

59. Bergmann, Docks Shell, and Sand Hill Stations all owed a duty of care to Lake Como to see that truthful information was communicated to Lake Como.

60. Bergmann, Docks Shell and Sand Hill Stations breached their duty by failing to exercise due care.

61. Lake Como justifiably relied on the representations.

62. Lake Como has suffered pecuniary losses as a direct and proximate result of reliance on the representations.

## FOR A SIXTH CAUSE OF ACTION
## (CONVERSION)

63. Lake Como realleges and incorporates herein by reference the allegations set forth hereinabove.

64. Lake Como, as a member of both Docks Shell and Sand Hill Stations, had an interest in the money, funds, and property owned by Docks Shell and by Sand Hill Stations.

65. Bergmann converted funds owned by Docks Shell and by Sand Hill Stations to her own personal use and for the use of LLCs, as discussed herein.

66. In addition, Docks Shell coverted funds owned by Sand Hill Stations to its own

10

use, and Sand Hill Stations converted funds owned by Docks Shell to its own use.

67. The money converted is capable of being identified.

68. The conversions in this case resulted from Bergmann, Docks Shell, and Sand Hill Stations securing money illegally, tortuously, by fraud, and by wrongful conduct.

69. The conversion of the funds by Bergmann, by Docks Shell, and by Sand Hill Stations was without the permission of Lake Como.

70. Bergmann, Docks Shell, and Sand Hill Stations are liable to Plaintiff for actual and punitive damages as well as any other relief available under the law.

### PRAYER FOR RELIEF

Now, therefore, Plaintiff Lake Como prays for the following:

a) That the Court award all actual, compensatory, punitive or other damages available under the law;

b) That the Court award attorney's fees in this matter; and

c) That the Court provide such other and further relief as it deems just and proper.

TWENGE + TWOMBLEY LAW FIRM

BY: _____
J. ASHLEY TWOMBLEY
311 Carteret Street
Beaufort, SC 29902
Telephone: (843) 982-0100
Facsimile: (843) 982-0103
www.twlawfirm.com
Attorneys for Plaintiffs

Beaufort, South Carolina

January 29, 2016

11