# EXHIBIT H

STATE OF SOUTH CAROLINA )
COUNTY OF LEE )
) IN THE COURT OF COMMON PLEAS
)
Bishopville Petroleum Company, Inc. )
Plaintiff(s) ) CIVIL ACTION COVERSHEET
)
) 2014 -CP- 31 - 266
vs. )
Docks Shell, LLC, Jennifer R. Bergmann, John D. Rogers )
Jr., Dr. Edward Perry Burrus, and Charles S. Almar )
Defendant(s) )

(Please Print)
Submitted By: J. Alex Stanton, IV
Address: P.O. Drawer 70
Hartsville, SC 29551

SC Bar #: 5306
Telephone #: 843-332-5171
Fax #: 843-383-4887
Other:
E-mail: stanjon@bellsouth.net

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [ ] JURY TRIAL demanded in complaint.   [X] NON-JURY TRIAL demanded in complaint.
- [ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [X] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☒ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | ☐ Other (299) | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

Certified as a True Copy

Submitting Party Signature: _____  Date: 10/22/2014
J. Alex Stanton, IV

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2011)                                                          Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) <br> ) <br> COUNTY OF LEE. ) | IN THE COURT OF COMMON PLEAS <br> CASE NO.: 2014-CP-31-2166 |
| BISHOPVILLE PETROLEUM COMPANY, INC. ) <br> ) <br> PLAINTIFF, ) <br> ) <br> VERSUS ) <br> ) <br> DOCKS SHELL, LLC, JENNIFER R. ) <br> BERGMANN, JOHN D. ROGERS, JR., ) <br> DR. EDWARD PERRY BURRUS, AND ) <br> CHARLES S. AIMAR, ) <br> ) <br> DEFENDANT(S). ) | SUMMONS <br> (NON-JURY) |

Filed stamp: OCT 22 2014, JAMES I. DAVIS, Lee County

**TO THE DEFENDANT(S) ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the subscribers, Stanton Law Firm, at its office in Hartsville, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, Judgment by default will be rendered against you for the relief demanded in the Complaint.

Hartsville, South Carolina
22nd day of October, 2014.

STANTON LAW FIRM

By: _____
J. Alex Stanton, IV
Post Office Box 70
Hartsville, SC 29551
(843)332-5171

Attorneys for the Plaintiff

Certified as a True Copy, Clerk, Court of Common Pleas and General Sessions, Lee County, South Carolina

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NO.: 2014-CP-31-246 |
| COUNTY OF LEE. ) | |

BISHOPVILLE PETROLEUM COMPANY, INC. )

          PLAINTIFF,  OCT 22 2014

VERSUS                                                    **COMPLAINT**

DOCKS SHELL, LLC, JENNIFER R.
BERGMANN, JOHN D. ROGERS, JR.,
DR. EDWARD PERRY BURRUS, AND
CHARLES S. AIMAR,

          DEFENDANT(S).

## AS TO ALL CAUSES OF ACTION

The Plaintiff complaining of the Defendant(s), would respectfully show unto the Court that:

1. The Plaintiff is a South Carolina corporation and is doing business in Lee County, Jasper County, and/or Beaufort County, South Carolina.

2. The Defendant, Docks Shell, LLC, is a Limited Liability Company organized and existing under the laws of the State of South Carolina.

3. The Defendant, Jennifer R. Bergmann, upon information and belief, is a resident of Beaufort County, South Carolina.

4. The Defendant, John D. Rogers, Jr., upon information and belief, is a resident of Beaufort County, South Carolina.

Certified as a True Copy

1

5. The Defendant, Dr. Edward Perry Burrus, upon information and belief, is a resident of Beaufort County, South Carolina.

6. The Defendant, Charles S. Aimar, upon information and belief, is a resident of Beaufort County, South Carolina.

7. On or about September 25, 2012, the Defendant, Docks Shell, LLC, (hereinafter referred to as Company), and the Defendants, Jennifer R. Bergmann, John D. Rogers, Jr., Dr. Edward Perry Burris, and Charles S. Aimar, (hereinafter referred to "collectively" as Defendant Guarantors), entered into a "Confidential Credit Application Agreement" with the Plaintiff in regards to the Plaintiff providing Petroleum Products to the Defendant Company and the Defendant Guarantors also executed a "Guaranty Agreement" to the aforesaid "Confidential Credit Application Agreement". **(A copy of said documents is attached as Exhibit A).**

8. The Defendant Guarantors also executed an "Unconditional Guaranty" in favor of the Plaintiff in which they personally guaranteed any indebtedness owed by the Company to the Plaintiff, **(A copy of which is attached as Exhibit B).**

9. The "Confidential Credit Application Agreement" **(as attached as Exhibit A hereto)** contained the following paragraphs:

(a) "9. **FINANCE CHARGES**. An account unpaid by the 10th day after delivery will be subject to a finance charge. Finance charge is computed by a periodic rate of 1 ½% per month, which an **ANNUAL PERCENTAGE RATE** of 18% applied to the previous balance."

(b) "11. **ATTORNEY FEES**. In the event this account is placed in the hands of an attorney for collection or suit instituted to collect some or any portion thereof, Buyer agrees and promises to pay an attorneys fees of 15% of the balance then due and owing and all costs of collection. In the further event Buyer institutes a suit against Seller for any reason and the Seller prevails in such suit, the Buyer agrees and promises to pay to Seller a reasonable attorneys fees and the costs of such action."

2

(c)   "12.   **VENUE**. Buyer waives all venue privileges and agrees that any action brought on the account or arising out of the account shall be brought in the Court of Common Pleas, Lee County, Bishopville, South Carolina."

### FOR A FIRST (1st) CAUSE OF ACTION

10.   The Plaintiff re-alleges and re-affirms all of its allegations as contained in Paragraphs 1 through 9 as if re-stated verbatim herein.

11.   **Pursuant to Exhibit A attached hereto,** the Plaintiff, at the instance and request of the Company, supplied the Company with various Petroleum Products.

12.   Although demand for payment of the "Petroleum Products Account" of the Company owed to the Plaintiff has been made to the Company and to the Defendant Guarantors, there is now due and owing by the Company to the Plaintiff the sum of $30,104.78. **(Reference the attached Exhibit C).**

13.   The Plaintiff is informed and believes that the Plaintiff is entitled to "Joint and Several" Judgment against the Company and against each Defendant Guarantors in the sum of $30,104.78 in connection with the "Petroleum Products Account", together with the applicable finance charge of one and one-half (1 1/2%) percent each month on the unpaid balance, and for a fifteen (15%) percent Attorneys Fees and the costs of this action.

### FOR A SECOND (2nd) CAUSE OF ACTION

14.   The Plaintiff re-alleges and re-affirms all of its allegations as contained in Paragraphs 1 through 9 as if re-stated verbatim herein.

15.   The Plaintiff leased certain equipment to the Company for use at 130 Independence Boulevard, Hardeeville, SC, 29927, (hereinafter referred to as the Equipment Lease Agreement) **(Reference attached Exhibit D for a listing of the Equipment which the Plaintiff Leased to the Company).**

3

16. Although demand for payment of the "Equipment Lease Account" of the Company owed to the Plaintiff has been made to the Company and to the Defendant Guarantors, there is now due and owing by the Company to the Plaintiff the sum of $2,889.40 which amount includes the September 12, 2014 Lease Payment. **(Reference the attached Exhibit E).**

17. In addition to the sum of $2,889.40 owed to the Plaintiff by the Company (which amount includes the September 12, 2014 Lease Payment), the Plaintiff is also entitled to receive the Monthly Lease Payment Amount of $2,582.50 commencing with the October 2014 Lease Payment and any future Month Lease Payment.

18. The Plaintiff is informed and believes that the Plaintiff is entitled to "Joint and Several" Judgment against the Company and against each Defendant Guarantors in the sum of $2,889.40 in connection with the "Equipment Lease Account", and for an amount due for the Monthly Equipment Lease Agreement for October of 2014 and future months in the sum of $2,582.50 per month, together with the applicable finance charge of one and one-half (1 ½% percent each month on the unpaid balance, and for a fifteen (15%) percent Attorneys Fees and the costs of this action.

## FOR A THIRD (3RD) CAUSE OF ACTION

19. The Plaintiff re-alleges and re-affirms all of its allegations as contained in Paragraphs 1 through 9 as if re-stated verbatim herein.

20. The Company was enrolled in the "Motiva Enterprises, LLC (SHELL) Facility Development Incentive Program (FDIP)", (hereinafter referred to as FDIP Program), through Bishopville Petroleum Company, Inc. for the operation of a Convenience Store located at 130 Independence Blvd., Hardeeville, SC, 29927.

21. Under the FDIP Program, the Company was to have sold 1,800,000 gallons of petroleum during the first (1st) 12 months of the FDIP Program.

22. The FDIP Program provided for an "up front" payment of $63,000.00. This amount as initially paid to Bishopville Petroleum Company, Inc. and was "wired" by Bishopville Petroleum Company, Inc. to the Company on April 3, 2013. **(Reference attached Exhibit F).**

23. Under the FDIP Program, if the Company did not sell 1,800,000 gallons during the first (1st) 12 month period, then the FDIP Program was going to "debit" the Account of Bishopville Petroleum Company, Inc. for the "shortage in projected sales".

24. During the first (1st) 12 months of the FDIP Program, the Company only sold 905,172 gallons - which was a shortage of 894,828 gallons. This shortage amount computed to the sum of $31,318.98 (computed at 0.035 per gallon shortage). **(Reference attached Exhibit G).**

25. As a result of the Company's "shortage in the first (1st) 12 months) in the projected sales under the FDIP Program, the FDIP Program debited the Bank Account of Bishopville Petroleum Company, Inc., on August 19, 2014 in the sum of $31,318.98.

26. Although demand for payment for the "FDIP Account" of the Company owed to the Plaintiff has been made to the Company and to the Defendant Guarantors, there is now due and owing by the Company to the Plaintiff the sum of $31,318.98. **(Reference the attached Exhibit H).**

27. The Plaintiff is informed and believes that the Plaintiff is entitled to "Joint and Several" Judgment against the Company and against each Defendant Guarantors in the sum of $31,318.98 in connection with the "FDIP Account", together with the applicable finance charge

5

of one and one-half (1 ½%) percent each month on the unpaid balance, and for a fifteen (15%) percent Attorneys Fees and the costs of this action.

**WHEREFORE,** the Plaintiff prays that:

1. The Plaintiff be awarded Joint and Several Judgment against the Defendants(s), Docks Shell, LLC, Jennifer R. Bergmann, John D. Rogers, Jr., Dr. Edward Perry Burrus, and Charles S. Aimar, in the sum of $30,104.78 in connection with the Petroleum Products Account, together with the applicable finance charge of one and one-half (1 ½%) percent each month on the unpaid balance, and together with an award of fifteen (15%) percent Attorneys Fees and for the costs of this action.

2. The Plaintiff be awarded Joint and Several Judgment against the Defendant(s), Docks Shell, LLC, Jennifer R. Bergmann, John D. Rogers, Jr., Dr. Edward Perry Burrus, and Charles S Aimar, in the sum of $2,889.40 in connection with the Equipment Lease Account, together with the applicable finance charge of one and one-half (1 ½%) percent each month on the unpaid balance, and for an amount due for the Monthly Equipment Lease Payment for October of 2014 and future months in the sum of $2,582.50 per month, and together with an award of fifteen (15%) percent Attorneys Fees and for the costs of this action.

3. The Plaintiff be awarded Joint and Several Judgment against the Defendant(s), Docks Shell, LLC, Jennifer R. Bergmann, John D. Rogers, Jr., Dr. Edward Perry Burrus, and Charles S. Aimar, in the sum of $31,318.98 in connection with the FDIP Account, together with the applicable finance charge of one and one-half (1 ½%) percent each month on the unpaid balance, and together with an award of fifteen (15%) percent Attorneys Fees and for the costs of this action.

6