# EXHIBIT I

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BEAUFORT ) | |
| ) | |
| E. PERRY BURRUS, M.D., ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| 2015 FEB -3 AM 10:49 ) | 2015-CP - 07- 00 239 |
| vs. ) | |
| ) | |
| JENNIFER R. BERGMANN ) | |
| Defendant(s) ) | |

| | |
|---|---|
| Submitted By: J. Ashley Twombley | SC Bar #:   72916 |
| Address:   311 Carteret Street | Telephone #:   (843) 982-0100 |
| Beaufort, SC  29902 | Fax #:   (843) 982-0103 |
| | Other: |
| | E-mail:   Twombley@twlawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-NI-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☒ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_    Date: February 3, 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| E. Perry Burrus, M.D., ) | Civil Action No.: 2015-CP-07-00239 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| Jennifer R. Bergmann, ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO:   DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on Plaintiffs by and through their attorney(s), J. Ashley Twombley of TWENGE + TWOMBLEY LAW FIRM, 311 Carteret Street, Beaufort, SC 29902, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint. Any answer that you serve on the parties in this action must be filed with the Clerk of Court within a reasonable period of time after service.

                                TWENGE + TWOMBLEY LAW FIRM

BY:   _____
                                J. ASHLEY TWOMBLEY
                                311 Carteret Street, Beaufort, SC 29902
                                Telephone: (843) 982-0100
                                Facsimile: (843) 982-0103
                                www.twlawfirm.com
                                Attorneys for Plaintiff

Beaufort, South Carolina

February 3, 2015

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF BEAUFORT | ) | FOURTEENTH JUDICIAL CIRCUIT |
| | ) | |
| E. Perry Burrus, M.D., | ) | Civil Action No.: 2015-CP-07-00239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFICATION** |
| | ) | |
| Jennifer R. Bergmann | ) | |
| | ) | |
| Defendant. | ) | |

PERSONALLY appeared before me, E. Perry Burrus, M.D., who being duly sworn, deposes and says that he is the Plaintiff in the foregoing action; that he has read the foregoing Verified Complaint and the same is true of his own knowledge, save and except any matters therein alleged upon information and belief, and as to those matters, he verily believes them to be true.

E. PERRY BURRUS, M.D.

SWORN to and subscribed before
me this ___ day of February 2015.

_____
Notary Public for South Carolina
My Commission Expires: _____

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| E. Perry Burrus, M.D., ) | Civil Action No.: 2014-CP-07-00239 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **VERIFIED COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| ) | |
| Jennifer R. Bergmann, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff E. Perry Burrus, M.D., complaining of Defendant Jennifer R. Bergmann, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff E. Perry Burrus, M.D., (Dr. Burrus) is a citizen and resident of the County of Beaufort, State of South Carolina.

2. Upon information and belief, Defendant Jennifer R. Bergmann (Bergmann) is a citizen and resident of the County of Beaufort, State of South Carolina.

3. Jurisdiction and venue in this Court are proper.

### FACTS

#### Forgery

4. Bergmann is/was the manager of two LLCs (Docks Shell, LLC and Sand Hill Stations, LLC) and used Dr. Burrus' name to fraudulently induce vendors to issue credit, goods and services to the LLCs.

5. Specifically, Bergmann forged Dr. Burrus' name to contracts wherein Dr. Burrus purports to accept personally liability for, and personally guarantee various obligations of, Docks Shell, LLC and Sand Hill Stations, LLC.

6. As a result, suppliers that furnished goods and services to Docks Shell and Sand Hill Stations – that have not been paid by Bergmann – are contacting Dr. Burrus and seeking to hold him personally liable for obligations of Docks Shell and Sand Hill Stations.

7. For example, on September 26, 2012, Bergmann forged Dr. Burrus' name on a "Confidential Credit Application Agreement" with Bishopville Petroleum Company, Inc., a copy of which is attached as Exhibit A.

8. Bergmann also forged Dr. Burrus' name on a "Guaranty Agreement" with Bishopville Petroleum, a copy of which is attached as Exhibit B.

9. In addition, Bergmann forged Dr. Burrus' name on an "Unconditional Guaranty", a copy of which is attached as Exhibit C.

10. Thereafter, Bergmann failed and refused to pay Bishopville Petroleum.

11. As a result, Bishopville Petroleum has filed a lawsuit against Dr. Burrus personally seeking to recover more than $64,313.16 in monies owed, plus interest and attorney's fees, a copy of which is attached as Exhibit D.

12. Dr. Burrus never signed any agreement with Bishopville Petroleum Company, Inc., never gave anyone permission to sign his name to such a guaranty, and has never otherwise agreed to be personally liable for Docks Shells' obligations to Bishopville Petroleum.

13. In addition, Dr. Burrus has been contacted by Pawnee Leasing Corporation, H.T. Hackney, Direct Utility, as well as an unnamed equipment company from Texas regarding debt collection efforts.

2

14. Dr. Burrus has never signed any agreement, contract, guaranty, application or any other document in which he agreed to be personally liable for any debts and obligations of Docks Shell or Sand Hill Stations that may be owed to Pawnee Leasing Corporation, H.T. Hackney, Direct Utility, or the unnamed equipment company from Texas.

15. Bergmann should be immediately enjoined from signing Dr. Burrus' name to any document of any kind.

16. Bergmann should also be immediately required to list all debts of both LLCs and to provide a list of each instance in which she signed Dr. Burrus's name so that Dr. Burrus can take steps to mitigate the damage Bergmann has caused.

17. Bergmann is also civilly liable for the damages she has caused Dr. Burrus by forging Dr. Burrus's name.

### Refusal to Provide Information

18. Bergmann is also the purported manager of Docks Shell, LLC and Sand Hills Stations, LLC, and Dr. Burrus is a member of both LLCs through his own personal LLC, Lake Como, LLC.

19. Bergmann refuses to provide copies of the books, records and accounts of the LLCs to Plaintiff, despite the fact that S.C. Code § 33-44-408 expressly provides that a member of an LLC is entitled to all of the LLCs records as well as information concerning the company's business and affairs.

20. For example, the LLCs hold multiple different bank accounts and various different banks, and Bergmann refuses to identify the location and existence of the accounts and refuses to provide bank statements from the various accounts.

21. Bergmann refuses to provide this information in an effort to cover up and obscure the fact that she has converted money from both LLCs to her own personal use.

22. For example, based upon the limited amount of bank statements reviewed to date, Bergmann used the LLCs' money for her personnel benefit at the following businesses:

    i. Massage Envy
    ii. Edible Arrangements
    iii. M. Dumas
    iv. Kate Spade
    v. Banana Republic
    vi. Dicks Sporting Goods
    vii. Carolina Cup
    viii. Capt Woodys
    ix. Ruff Cuts
    x. Pour Richards
    xi. Planet Beach
    xii. Okatie Wine
    xiii. Diva Nails
    xiv. Okatie Ale House
    xv. College of Charleston
    xvi. Sake House
    xvii. Kiawah Island
    xviii. Outback Steak House

23. Bergmann should be required to immediately disclose the name of the financial institutions where either LLC holds any account, as well as the location of any other asset of the LLCs.

## FOR A FIRST CAUSE OF ACTION

(INJUNCTION)

24. Plaintiffs reallege and incorporate herein by reference the allegations set forth hereinabove.

25. Bergmann has forged and may be continuing to forge Dr. Burrus' name to documents without his knowledge, agreement or approval.

26. Bergmann should be enjoined from this illegal conduct.

4

27. Bergmann should also be immediately required to list all debts of both LLCs and to provide a list of each instance in which she signed Dr. Burrus's name so that Dr. Burrus can take steps to mitigate the damage Bergmann has caused.

28. Bergmann should also be enjoined and required to immediately disclose the name of the financial institutions where either LLC holds any account, as well as the location of any other asset of either LLCs.

29. If Bergmann is not enjoined, Plaintiff will be irreparably harmed in that Bergmann may continue to sign Dr. Burrus's name, and third parties may continue to rely on Dr. Burrus's signature, creating an extensive web of fraudulent transactions and associated litigation.

30. If Bergmann is not enjoined, Plaintiff will be irreparably harmed in that Bergmann may continue to spend LLC money for improper purposes.

31. Plaintiff does not have an adequate remedy at law because while he may ultimately be able to obtain a judgment against Bergmann, Bergmann is (upon information and belief) insolvent.

32. Plaintiff will likely succeed on the merits based on the fact that a) he possesses clear documentary evidence that shows Bergmann forged Burrus' signature multiple times, and b) he is entitled to the information (bank accounts and location of assets) he seeks herein under South Carolina law.

33. Therefore, Plaintiff respectfully requests that the Court enter an order as outlined above.

## FOR A SECOND CAUSE OF ACTION

(FORGERY)

34. Plaintiffs reallege and incorporate herein by reference the allegations set forth hereinabove.

35. Bergmann forged and falsely signed Dr. Burrus' signature on documents and then presented and published the documents with forged signatures to third parties.

36. As a result of the forgeries, actions, and inactions of Bergmann, Dr. Burrus has suffered injuries and damages in an amount to be proven at the trial of this matter.

## PRAYER FOR RELIEF

Now, therefore, Plaintiff prays for the following:

a) That the Court issue an Order enjoining Bergmann as outlined above;

b) That the Court join any other parties as may be necessary;

c) That the Court award all available damages under the law;

d) That the Court award attorney's fees in this matter;

e) That the Court provide such other and further relief as it deems just and proper.

TWENGE + TWOMBLEY LAW FIRM

BY: *[signature]*

J. ASHLEY TWOMBLEY
311 Carteret Street
Beaufort, SC  29902
Telephone: (843) 982-0100
Facsimile:  (843) 982-0103
www.twlawfirm.com
Attorneys for Plaintiffs

Beaufort, South Carolina

February 3, 2014

6