# EXHIBIT N

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT | )<br>)<br>) | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO. 2015-CP-07-00239 |
| ☒ E. PERRY BURRUS, M.D.<br>Plaintiff,<br>vs.<br>☐ JENNIFER R. BERGMANN,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | MOTION AND ORDER INFORMATION<br>FORM AND COVER SHEET |

check box above indicating submitting party

| name, S.C. Bar no. and address of Plaintiffs' attorney | name, S.C. Bar no. and address of Defendant's attorney |
|---|---|
| J. Ashley Twombley, S.C. Bar No. 72916<br>311 Carteret Street, Beaufort, SC 29902<br>telephone: (843) 982-0100  fax: (843) 982-0103<br>email: twombley@twlawfirm.com  other: | Marshall L. Horton<br>P.O. Box 3766, Bluffton, SC 29910<br>Telephone: (843) 757-6190  fax: Facsimile: (843) 757-6191<br>mlh@hortonlawfirmllc.com |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**
Nature of Motion: Motion for Sanctions, Contempt & to Amend Complaint
Estimate Time Needed:    10 minutes                    Court Reporter Needed: ☐ YES ☐ NO

**SECTION II: Motion Type**
☒ Written motion attached
☐ Form Motion/Order –
    I hereby move for relief or action by the court as set forth in the attached proposed order.
                                                                                    February 16, 2016
    Signature of Attorney for ☐ Plaintiff ☐ Defendant    Date submitted

**SECTION III: Motion Fee**
☒ PAID - AMOUNT: $25.00
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
            ☐ Domestic Abuse or Abuse and Neglect
            ☐ Indigent Status            ☐ State Agency v. Indigent Party
            ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
            ☐ Motion for Stay in Bankruptcy
            ☐ Motion for Publication        ☐ Motion for Execution (Rule 69, SCRCP)
            ☐ Proposed Order submitted at request of the court; or, reduced to writing from motion made in open court per judge's instructions
               Name of Court Reporter:_____
            ☐ Other:

**JUDGE'S SECTION**
☐ Motion fee to be paid upon filing attached order.
☐ Other

JUDGE CODE: _____    Date: _____

**CLERK'S VERIFICATION**
Collected by: _____
               (print name)
☐ MOTION FEE COLLECTED:
☐ CONTESTED - AMOUNT DUE:

DATE FILED

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| E. Perry Burrus, M.D., ) | Civil Action No.: 2015-CP-07-00239 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NOTICE OF MOTION AND MOTION |
| ) | FOR SANCTIONS, FOR CONTEMPT |
| Jennifer R. Bergmann, ) | OF COURT, AND TO AMEND |
| ) | COMPLAINT |
| Defendant. ) | |

TO:  MARSHALL L. HORTON, ESQUIRE, ATTORNEY FOR DEFENDANT JENNIFER BERGMANN:

YOU WILL PLEASE TAKE NOTICE that the above named Plaintiff, E. Perry Burrus, M.D., (Burrus) by and through his undersigned attorney, hereby moves this Court for an Order sanctioning Defendant, Jennifer R. Bergmann (Bergmann), holding her in contempt of Court for willful violations of a Court ordered Injunction filed on February 6, 2015, and allowing Plaintiff to amend his complaint to include a new cause of action for fraud.

## Background

In late November and December 2014, creditors of Sand Hill Stations of Bluffton, LLC, and Docks Shell, LLC, began contacting Plaintiff Burrus alleging that they had personal guarantees signed by Burrus and demanding that Burrus pay the past due debts of the LLCs. Burrus knew that he had not signed personal guarantees for the companies that had contacted him and knew that he had not authorized anyone to sign his name to any personal guarantees. (Verified Complaint filed 2/3/15) (Exhibit A).

1

Defendant Bergman was the Manager of both LLCs and was thought to be the person forging Burrus' name. On December 12, 2014, Burrus wrote Bergmann, demanding that she stop signing Burrus' name:

> First, it is our understanding that you have been signing Dr. Burrus' name to various vendor agreements with Docks Shell and Sand Hill Stations wherein Dr. Burrus purports to personally guarantee various debts/obligations of the LLCs. You do not have the authority to sign Dr. Burrus' name to any document, and we are demanding that you cease and desist in doing so.

(12/12/14 Letter to Jennifer Bergmann) (Exhibit B). Burrus also demanded that Bergmann provide a list of each instance in which she had signed Burrus' name. Bergmann refused to provide a list of each instance in which she had signed Burrus' name.

On December 30, 2014, Burrus wrote Bergmann again demanding that she provide a list "of each instance in which Ms. Bergmann has signed Dr. Burrus's name to any document of any kind." (12/30/14 Letter to Meredith Bannon) (Exhibit C). Bergman refused to provide the requested list.

On January 6, 2015, Burrus again demanded that Bergmann provide "a list of each instance in which Ms. Bergmann has signed Dr. Burrus's name to any document of kind. If she has not signed Dr. Burrus's name, please let us know immediately as someone else is signing his name for the benefit of Docks Shell." (1/6/15 Letter to Meredith Bannon) (Exhibit D). Bergmann still refused to provide the list. Burrus had no option other than to file a lawsuit.

On February 3, 2015, Burrus filed a verified Summons and Complaint against Bergmann. In the Complaint, Burrus alleged that Bergmann had forged his name to contracts and personal guarantees related to the two LLCs Bergmann managed and that creditors of the LLCs were now seeking payment from Burrus personally based upon the forged personal guarantees. In the lawsuit, he requested that the Court enter an order requiring Bergmann to list each instance in

2

which she signed Burrus' name so that Burrus could attempt to mitigate the damage caused to him personally by Bergmann, and enter an order enjoining Bergmann from signing Burrus' name in the future. (Verified Complaint filed 2/3/15) (Exhibit A).

On February 3, 2015, the Court entered a temporary restraining order against Bergmann restraining her from signing Burruss name, and a hearing to convert the TRO into an injunction was set for February 6, 2015. (2/3/15 TRO) (Exhibit E).

Prior to a hearing on Plaintiff's injunction, Bergmann (through her counsel) contacted Burrus and agreed not to sign his name and to provide the requested list. Burrus was absolutely unwilling to take Bergmann's word, and insisted that the Court enter an order requiring Bergmann to provide the list and enjoining her from signing Burrus's name.

On February 6, 2015, the Honorable Marvin Dukes, III entered the following order, which was placed on file with the Beaufort County Clerk of Court:

> **Bergmann has represented to counsel and the Court** that the instances where she signed Dr. Burrus' name, although she contends it was with permission, were as follows:
>
> a. Bishopville Oil Agreement
>
> b. Pawnee Leasing
>
> c. Ascentium Capital (possibly – not sure).

(2/6/15 Injunction Order) (Exhibit F).

Burrus detrimentally relied on the representation made by Bergmann to her counsel, to the undersigned counsel, and the Court. Specifically, after the Court order was entered, both LLCs or the assets of the LLCs were sold (or otherwise shut down), and Burrus relied on the list the Court ordered Bergmann to provide to make sure that all creditors holding documents to which his name was forged were paid off with the proceeds from the sale of each LLC. This was

3

of critical importance because paying off the creditors holding documents to which Burrus' name was forged cleared Burrus' name individually from any and all debt associated with the LLCs related to forged signatures.

On November 13, 2015, Burrus took the deposition of Bergmann. During the deposition, Bergmann was specifically questioned about the Order for Injunction and was asked to confirm under oath that the representations she had previously made to the Court identifying where she had signed Burrus' name were true, correct and complete. Bergmann was also specifically asked about her obligation to provide truthful and correct information in response to the Court's order and was also provided a copy of the Court order in question:

> Q: Okay. And did you take the obligation of the court's order seriously?
>
> A: Yes, I did.
>
> Q: And did you list the places where you'd signed Dr. Burrus' name on page two?
>
> A: Yes.
>
> Q: And is that, in fact, the list of **all the places** where you signed Dr. Burrus' name?
>
> A: Yes.

(Burrus Dep. I, page 153, lines 10-18) (Exhibit G) (emphasis added).

It has recently come to Burrus' attention that Bergmann was not truthful with the Court and that she misrepresented to the Court instances where she signed Burrus' name. Specifically, Bergmann failed to inform the Court that she signed Burrus' name to a personal guarantee with Direct Capital Corporation, and moreover, that she fraudulently submitted a photocopy of Burrus' driver's license to Direct Capital Corporation. Burrus has now been contacted by counsel for Direct Capital Corporation, seeking to hold him personally liable for past due amount

4

in excess of $14,400 based on the forged personal guarantee, and threatening litigation related to the same. (12/22/15 Letter from Direct Capital Corporation and Guaranty) (Exhibit H).[1] Bergmann did not include Direct Capital Corporation in her representations to the Court, or in her sworn testimony.

In addition, Burrus was also contacted by H.T. Hackney Co., which sought to hold Burrus personally liable for a past due amount owed, based on yet another forged personal guarantee. Bergmann also fraudulently submitted a photocopy of Burrus' driver's license to H.T. Hackney Co. (H.T. Hackney Documents dated 3/21/14) (Exhibit I). Neither Direct Capital nor H.T. Hackney was listed by Bergmann in her representations to the Court or in her deposition.

### Legal Analysis

Contempt is the willful disobedience of a court order. E.g., Ex parte Cannon, 385 S.C. 643, 660, 685 S.E.2d 814, 824 (Ct. App. 2009). "The power to punish for contempt is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the court, and consequently to the due administration of justice." Curlee v. Howle, 277 S.C. 377, 382, 287 S.E.2d 915, 917 (1982). Courts also "[h]ave the inherent power to punish for offenses that are calculated to obstruct, degrade, and undermine the administration of justice." Cannon, 385 S.C. at 660, 685 S.E.2d at 824. Possible sanctions for contempt include, but are not limited to, payment of a fine or damages to the complainant, payment of a fine to the court, and/or a jail sentence. Poston v. Poston, 331 S.C. 106, 502 S.E.2d 86 (1998).

Bergmann willfully violated the Court's Order by failing to disclose that she signed

---

[1] Although the letter is dated 12/22/15, Burrus did not receive the letter until approximately seventeen (17) days before the filing of this Motion.

5

Burrus' name to personal guarantees with Direct Capital Corporation and H.T. Hackney. Because of Bergmann's willful violation, Burrus has suffered injuries and damages including but not limited to defending and litigating claims that are now being made by Direct Capital Corporation's attempts to collect the over $14,400 debt from Burrus personally.

### Conclusion

Burrus respectfully requests that this Court exercise its discretion and issue a fair and equitable sanction against Bergmann, including but not limited to attorney fees associated with this motion and with defending against Direct Capital Corporation's attempts to collect debt from Burrus personally. In addition, Burrus requests that he be allowed to amend/supplement his complaint in this action to include a cause of action for fraud related to his reliance on the fraudulent representations made by Bergmann to the parties and to the Court in the Court's February 6, 2015 order.

The undersigned counsel also certifies pursuant to Rule 11, SCRCP, that consultation with opposing counsel would serve no useful purpose.

TWENGE + TWOMBLEY LAW FIRM

BY: _____
J. ASHLEY TWOMBLEY
311 Carteret Street
Beaufort, SC 29902
Telephone: (843) 982-0100
Facsimile: (843) 982-0103
www.twlawfirm.com
Attorneys for Plaintiff

Beaufort, South Carolina

February 16, 2016

## CERTIFICATE OF SERVICE

The undersigned, Andrea Smith, hereby avers that she is the Paralegal to TWENGE + TWOMBLEY LAW FIRM, Attorneys for Plaintiff, and that on the 16th day of February 2016 a true and accurate copy of the attached was placed in an envelope with first class postage thereon prepaid through the United States Postal Service, and mailed to the following:

Marshall L. Horton, Esquire
Horton Law Firm, LLC
49 Boundary Street
P.O. Box 3766
Bluffton, SC 29910
Telephone: (843) 757-6190
Facsimile: (843) 757-6191
mlh@hortonlawfirmllc.com
Attorney for Jennifer Bergmann

BY: _____
Andrea Smith, Paralegal to
TWENGE + TWOMBLEY LAW FIRM