IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

|  |  |
|---|---|
| Jennifer Bergmann<br><br>　　　　Debtor | CASE NO.: 16-02250<br>CHAPTER 7 |
| E. Perry Burrus, III and Lake Como, LLC<br>　　　　Plaintiffs | Adversary Case No. 16-80113-DD |
| vs<br><br>Jennifer Bergmann<br><br>　　　　Defendant | **ANSWER TO COMPLAINT** |

Defendant answers the Plaintiff's Complaint by denying each and every allegation not otherwise admitted, modified or explained. Defendant reserves all rights to amend this Answer with any defenses and/or objections.

## FOR A FIRST DEFENSE

1. Any allegation(s), paragraph(s), or statement(s) not hereinafter expressly admitted, qualified, or explained is/are deemed to be denied, and Defendant demands strict proof thereof.

2. That the Defendant is not required to respond to any administrative paragraph(s) that re-allege(s) forgoing paragraphs or allegations, but, in the event Defendant is required to make such a response, Defendant hereby denies the same and demands strict proof thereof.

3. That the Defendant is not required to respond to any administrative paragraph(s) that does not set out facts or demand relief, but, in the event Defendant is required to make such a response, Defendant hereby denies the same and demands strict proof thereof.

4. That the Defendant is not required to respond to any paragraph(s) that state(s) a legal conclusion, but, in the event Defendant is required to make such a response, Defendant hereby denies the same and demands strict proof thereof.

5. Defendant denies each allegation(s), paragraph(s), or statement(s) in the Complaint that state(s) a legal conclusion(s) and, to the extent an answer is required to the same, Defendant hereby denies said allegation(s), paragraph(s), or statement(s) and demands strict proof thereof.

6. Defendant admits paragraph 1.

7. Defendant lacks knowledge or information to form a belief of the allegation made in paragraph 2.

8. Defendant admits that she filed a Chapter 7 case on May 4, 2016 and listed Burrus and Lake Como as creditors. However, she did so out of extreme caution as pending state court actions were brought against her by both Plaintiff's. She denies that either Burrus or Lake Como are creditors of hers and further disputes that she owes either any money.

9. Plaintiff admits paragraph 4.

10. Paragraph 5 does not require a response.

11. Paragraphs 6, 7 and 8 are administrative in nature and do not require a response.

12. Paragraph 9 does not require a response.

13. Defendant admits paragraph 10.

14. Defendant denies paragraph 11 and asserts that Plaintiffs contacted Defendant on behalf of the LLC's to invest in the LLC's and not directly with Defendant.

15. Defendant denies paragraph 12. Lake Como contacted Plaintiff to invest in the LLC's and conducted its own due diligence prior to investing.

16. Paragraph 13 is a subpart to paragraph 12 which has been answered above in paragraph 15.

17. Defendant denies paragraph 14.

18. Defendant denies paragraph 15.

19. Defendant admits paragraph 16.

20. Defendant admits that Lake Como was supposed to invest $150,000 in Sand Hill but only invested $75,000 and defaulted on the remaining balance.

21. Defendant denies paragraph 18.

22. Defendant denies paragraph 19.

23. Defendant denies paragraph 20.

24. Defendant admits that she transferred money into accounts for the use and benefit of the LLC's but not personal accounts.

25. Defendant admits paragraph 22.

26. Defendant admits that she paid fuel invoices for the LLC's on that account.

27. Defendant admits paragraph 24 in as much as the funds were an earnest money deposit to purchase another store but the sale fell through and the funds were returned.

28. Defendant denies paragraph 25.

29. Defendant denies paragraph 26.

30. Defendant admits that all members of the LLC's lost money due in part by Plaintiff's unclean hands and refusal to comply with the operation agreement(s) and other applicable state laws governing LLC's.

31. Defendant admits paragraph 29 and further asserts that the state courts have not ruled in favor of Plaintiff's allegations.

32. Defendant denies paragraph 32 and re-asserts that Plaintiff's are not creditors of Defendant.

33. Paragraph 33 does not require a response.

34. Defendant denies paragraph 34 through 39.

35. Defendant admits paragraph 40. However, the case was settled and funds were paid at closing.

36. Defendant denies paragraph 41 and 42.

37. Defendant admits paragraphs 43, 44 and 45.

38. Defendant asserts that no money was ever owed to H.T. Hackney CO as it was a "C.O.D" account and she unintentionally omitted Direct Capital Corporation.

39. Defendant admits paragraph 47.

40. Defendant denies paragraph 48.

41. Defendant admits paragraph 49.

42. Paragraph 50 is a conclusionary and speculative assertion as does not require a response. If one is needed, Defendant denies paragraph 50 as "South Carolina should recognize such a cause of action."

43. Defendant believes that the action is still pending and Plaintiff's continue to pursue her in violation of the Automatic Stay.

44. Defendant denies paragraph 52, 53, 54 and 55.

45. Paragraph 56 is legal in nature and does not require a response.

46. Defendant denies paragraphs 57, 58, 59, 60 and 61.

47. Paragraph does not require a response.

48. Paragraph 63 cites the bankruptcy code and does not require a response.

49. Defendant admits she, along with Plaintiff and all members of the LLC's, owed fiduciary duties to the LLC. She denies she breached any duties to the LLC or its members.

50. Defendant denies paragraphs 65 and 66. If any LLC funds were used for personal use, the funds were either immediately reimbursed or offset against contributions made and/or salary not received on the advice of the LLC's accountant and tax advisor(s).

51. Defendant denies paragraph 67.

52. Defendant admits paragraph 68.

53. Defendant denies paragraphs 69, 70, and 71.

54. Paragraph 72 does not require a response.

55. Paragraph 73 cites the bankruptcy code and does not require a response.

56. Defendant denies paragraphs 74, 75, 76 and 77.

## AFFIRMATIVE DEFENSES

1. Neither Plaintiffs are creditors of Defendant. At no time have Plaintiff's extended credit or monies of any kind directly to Defendant.

2. Plaintiff, Burrus, is not a creditor of Defendant nor a member of either LLC.

3. Plaintiff's sought out Defendant to invest in the LLC's. Defendant did not solicit funds for her personally or on behalf of the LLC's from Plaintiffs.

4. Plaintiff's conducted their own due diligence prior to investing in the LLC's.

5. Plaintiff defaulted on its investment/obligation(s) to the LLC's which caused its failure.

6. Defendant had Plaintiff's consent to use his/its information to obtain or incur debt on behalf of the LLC'S.

7. Plaintiff's fail to state a claim in which relief can be granted.

8. Plaintiff failed to perform under the LLC's operating agreement(s) and the South Carolina LLC statute/law(s).

9. The doctrine of Res Judicata.

10. The doctrine of Estoppel.

11. The doctrine of Unclean Hands.

12. The "Rooker-Feldman" doctrine.

13. Accord and Satisfaction.

14. Waiver.

Defendant reserves the right to assert and rely upon affirmative defenses that may be discovered as a result of discovery proceedings in this action or which may otherwise become available and further reserves the right to amend this Answer to assert any other defenses.

WHEREFORE, having answered Plaintiff's, Defendant respectfully requests that the Court:

1. Grant Judgment to Defendant:

2. Dismiss Plaintiff's Complaint, with prejudice;

3. Award damages, attorney fees, and sanctions against Plaintiff's for having to defend this action.

By: /s/ Michael G. Matthews
Michael G. Matthews, Esq.
SC Bar #76166
Federal Bar #10012
2015 Boundary Street, Suite 319
Beaufort, SC 29902
843-379-0702 (phone)
843-379-0703 (fax)
Matthews.michaelg@gmail.com

Beaufort, SC
September 7, 2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO.: 16-02250 |
| | CHAPTER 13 |
| Jennifer Bergmann | |
| | CERTIFICATE OF MAILING |
| Debtor | |
| E. Perry Burrus, III and Lake Como, LLC. | |
| Plaintiff | Adversary Proc. No.: 16-80113 |
| vs | |
| Jennifer Bergmann | |
| Defendant | |

I, the undersigned legal assistant of the law office of Michael Matthews, Attorney at Law, attorneys for the debtor(s), do hereby certify that I have mailed a copy of the Defendant, Jennifer Bergmann's Answer to Complaint in the above matter, first Class, postage prepaid to each of the parties listed below in said action, this 12th day of September, 2016.

Kevin Campbell Trustee
P O Box 684
Mt. Pleasant, SC  29465
Vie ECF filing

Ann U. Bell, Esquire
For E. Perry Burrus, III
  And Lake Como LLC
3955 Faber Place Drive Ste 103
Charleston, South Carolina 29405

J. Ashley Twombley, Esquire
For E. Perry Burrus, III
  And Lake Como, LLC
311 Carteret Street
Beaufort, SC  29902

/s/ Jenny Durham
Jenny Durham