# MICHAEL G. MATTHEWS, ATTORNEY AT LAW
2015 Boundary Street,
Suite 319
Beaufort, South Carolina 29902
Matthews.michaelg@gmail.com

Michael G. Matthews, Esquire  
Jenny Durham, Bankruptcy Assistant

Telephone (843) 379-0702  
Facsimile (843) 379-0703

October 3, 2016

Chief Judge David R. Duncan  
Unites States Bankruptcy Court  
District of South Carolina  
1100 Laurel Street  
Columbia, SC 29201

Ann U. Bell  
Drose Law Firm  
3955 Faber Place Dr, Ste 103  
Charleston, SC 29405

Ashley Twombley  
Twenge & Twombley, LLC  
311 Carteret Street  
Beaufort, SC 29902

RE: Lake Come, LLC & E. Perry Burrus, III v. Jennifer Bergmann  
Case No. 16-02250-dd; Adv. P. No. 16-80113-dd

Your Honor:

Attached please find Defendant's Adversary Proceeding Report. Unfortunately, efforts to confer with Plaintiff's counsel has been unproductive.

Ms. Bergmann filed a Motion to Disqualify Ashely Twombley. As a result, Defendant's counsel has attempted to confer with Plaintiff's two other counsel regarding the Adversary Proceeding Report. While responsive, Plaintiff's counsel has deferred the matter to Mr. Twombley. Mr. Twombley, however, has only communicated via writing and has otherwise been unavailable.

Mr. Twombley's first demand of Defendant was to allow 365-days for discovery and to immediately subpoena witnesses and set depositions prior to any Order of this Court.

His letter was dated September 16, 2016. It arrived at my office on September 20th--the same day he demanded I respond to his 365-discovery plan and the setting of depositions. In a spirit of cooperation, I responded within his time-demand, however, my client nor I would consent to his request as it is clear Mr. Twombley is trying to disguise prior unsuccessful and improperly filed state court matters by way of this Adversary.

On September 28, 2016 Mr. Twombley's assistant emailed me his revised Adversary Report shortening the discovery time from 365-days to 180. The email was sent at 11:02am and demanded that I respond by "mid-afternoon" of the same day. The email further read that if he did not hear from me by "mid-afternoon" then he would file the Report on his own. I could not consent to the revised demand, nor did I have time to confer with my client. Mr. Twombley's time-demands, in my view, are unsettling at the least.

Ms. Bergmann is prepared and prefers to go to trial now. However, I have informed Ms. Bergmann that I will be out of state October 6-12 and again October 24-29 rendering me unavailable should this court Order the trial to commence in October.

Based on the vast divide between the parties, inability to confer, and the pending Motion to Disqualify Ashley Twombley, Ms. Bergmann and her counsel respectfully request that this court conduct a hearing with all parties being present, in-person, to address a Scheduling Order and whether Mr. Twombley should be allowed disqualified in this matter.

Thank you in advance for your consideration in this matter.


With kindest regards, I am

*[signature]*

Michael G. Matthews

**NOTICE**
**THIS LAW FIRM IS AN OFFICIAL DEBT RELIEF AGENCY PURSUANT TO THE UNITED STATES BANKRUPTCY CODE, 11 USC § 101(12A) PROVIDING ADVICE AND ASSISTANCE TO PERSONS FILING BANKRUPTCY UNDER THE BANKRUPTCY CODE.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| *, | C/A No.*-dd |
| Debtor(s). | Chapter |
| | |
| *, | ADV. PRO. *-dd |
| Plaintiff(s), | |
| v. | Chapter * |
| *, | |
| Defendant(s). | |

## ADVERSARY PROCEEDING REPORT

As part of complying with the Order to which this Adversary Proceeding Report ("Report") is attached, the parties are directed to complete and sign this Report and file it electronically under the event **"Adversary Proceeding Report (Judge Duncan)."** Only the Report should be filed, not the Order to which it is attached.

1. How much time are the parties requesting for discovery? Please check one of the responses below. If choosing the third option, please indicate the number of days requested and the reason(s) a longer discovery period is needed.

    ✓ Discovery Period of 30 days with an opportunity for motions and a pretrial within approximately 60 days.

    ___ Discovery Period of 60 days with an opportunity for motions and a pretrial within approximately 90 days.

    ___ Longer Discovery Period - Parties request ___ days for discovery, with pretrial approximately 30 days later. Reason(s) for longer discovery period are:

    ___ No discovery is needed. The Court may set the matter for trial. Estimate on time needed for trial is ___ hours, days (circle one). A separate letter with available trial dates is attached.

    ___ A more immediate settlement or pretrial conference with the Court would be beneficial, either in person or by telephone. Plaintiff(s)= counsel will coordinate the scheduling of such a

2

2. Does a party assert this adversary proceeding contains non-core causes of action?

_____ Yes   ✓ No

Please list below the causes of action that a party asserts are non-core and the party or parties making the assertion (*i.e.* Negligence – John Doe and Jane Doe). If all parties agree a particular cause of action is non-core, please indicate all parties (*i.e.* Battery – All Parties).

3. Does a party assert this adversary proceeding contains core causes of action that this Court does not have constitutional authority to finally adjudicate?

_____ Yes   ✓ No

Please list below the causes of action that a party asserts are core causes of action that this Court does not have constitutional authority to finally adjudicate and the party or parties making the assertion (*i.e.* Negligence – John Doe and Jane Doe). If all parties agree a particular cause of action falls within this category, please indicate all parties (*i.e.* Battery – All Parties).

3

4. If a party or parties assert this adversary proceeding contains non-core causes of action or core causes of action that this Court does not have constitutional authority to finally adjudicate, do all parties consent to this Court finally adjudicating this adversary proceeding?[1] If all parties agree that all of the causes of action in this adversary proceeding are core proceedings that this Court has constitutional authority to finally adjudicate, please check "Not applicable."

_____ Yes    _____ No    ✓ Not applicable

5. If a jury trial has been requested for some or all of the causes of action in this adversary proceeding, do all parties consent to this Court conducting a jury trial?[2] If no jury trial has been requested, please check "Not applicable."

_____ Yes    _____ No    ✓ Not applicable

ALL PARTIES OR THEIR COUNSEL MUST SIGN BELOW. BY SIGNING BELOW, YOU ARE REPRESENTING TO THE COURT AND AGREEING THAT THE REPRESENTATIONS CONTAINED IN THIS REPORT ARE ACCURATE AND BINDING ON YOUR CLIENT.[3] IF YOU ARE A PARTY TO THIS ADVERSARY PROCEEDING, YOU ARE REPRESENTING TO THE COURT AND AGREEING THAT THE REPRESENTATIONS CONTAINED IN THIS REPORT ARE ACCURATE AND BINDING ON YOU.

Signature: /s/

Print Name: Michael Matthews

Contact Information: 2015 Boundary St.
Suite 314
Beaufort, SC 29902
843-379-0702
Matthews.Michaelg@gmail.com

Counsel for: Defendant

---

[1] In the absence of the parties answering "Yes" to question 5, this Court will not consider a "Yes" answer to question 4 to constitute consent to a jury trial conducted by this Court.

[2] This Court will not consider a "Yes" answer to question 5 to be a concession that there is a right to a jury trial on any particular cause of action. If a party wants a determination as to whether a jury trial has been properly requested with respect to a particular cause of action, an appropriate motion must be filed.

[3] If the attorneys representing parties in this adversary proceeding prefer to sign this Report electronically, they may attach pages containing their electronic signatures.

4

ATTACH ADDITIONAL SIGNATURE PAGES AS NEEDED

5