**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Jennifer Bergman,<br><br>                              Debtor(s).<br>_____<br><br>E. Perry Burrus, III and Lake Como, LLC,<br><br>                              Plaintiff(s),<br>v.<br><br>Jennifer Bergman,<br>                              Defendant(s). | C/A No.16-02250<br>Chapter 7<br><br><br><br><br>ADV. PRO. 16-80113-DD<br><br><br><br>Chapter 7 |

## ADVERSARY PROCEEDING REPORT

      As part of complying with the Order to which this Adversary Proceeding Report ("Report") is attached, the parties are directed to complete and sign this Report and file it electronically under the event **"Adversary Proceeding Report (Judge Duncan)."** Only the Report should be filed, not the Order to which it is attached.

1. How much time are the parties requesting for discovery? Please check one of the responses below. If choosing the third option, please indicate the number of days requested and the reason(s) a longer discovery period is needed.

    ____ Discovery Period of 30 days with an opportunity for motions and a pretrial within approximately 60 days.

    ____ Discovery Period of 60 days with an opportunity for motions and a pretrial within approximately 90 days.

    X    Longer Discovery Period - Parties request **180 days** for discovery, with pretrial approximately 30 days later. Reason(s) for longer discovery period are:

Plaintiffs are requesting a longer period of time for discovery for the reason outlined below. Defendant's counsel has not agreed to this request.

Counsel for Plaintiffs initially reached out to counsel for Defendant in an attempt to resolve this issue and to file a joint report. After some initial emails regarding discovery, counsel for Defendant was unwilling to communicate with the undersigned because counsel for Defendant believes the undersigned may be a witness in this matter. Counsel for Defendant was advised by all counsel involved in this case that the undersigned would remain lead counsel unless and until the Court issued an order relieving him. Nevertheless, Counsel for Defendant continued to be unwillinto communicate with the undersigned, and has now filed a separate report. Therefore, Plaintiffs now file their own Adversary Proceeding Report.

Plaintiffs are requesting 180 days for discovery for the following reasons:

1. This case involves a complex web of financial transactions alleged to have been orchestrated by the Debtor while she was the manager of two LLCs. The LLCs held accounts at seven different banks: Ameris Bank, Coastal State Bank, First Citizens Bank, Palmetto State Bank, South State Bank, TD Bank, Tidelands Bank, and possibly other banks. Further, the LLCs had multiple accounts at most of these banks. For example, the LLCs had four separate accounts at Palmetto State Bank.

   The debtor transferred money that belonged to the LLCs using bank accounts held at the financial institutions listed above. Funds were transferred to accounts held by other companies over which debtor had control, ownership, and/or signature authority. These accounts were titled in the name of JTKT, LLC, Jenny's, Pro Quis, LLC, JK Developers, LLC, JLR Realty Group, JLR Realty, LLC, and Kenneth Scott Builders, LLC (which is owned by debtor's husband). For example, in July 2014 alone, Defendant transferred over $600,000 out of the LLCs bank accounts and into other accounts she controlled. In July 2014, Defendant wrote checks drawn on one of the LLC's bank accounts to JTKT, a company she owns and controls, for $536,817.27. In July 2014, Defendant wrote checks drawn on one of the LLC's bank accounts to "Jenny's", a company she owns and controls, for $36,751.12. In July 2014, Defendant wrote checks drawn on one of the LLC's bank accounts to "JLR Realty Group", a company she owns and controls, for $50,904.44.

   Plaintiff conducted some discovery related to the debtor's dealings with these institutions during the state court litigation before it was stayed, but more discovery is needed. Once the documents and other data are obtained, it may need to be reviewed by expert witnesses who may be called to testify at trial.

   Finally, discovery is expected to take longer than normal because the debtor has a history of failing to provide information, and in some instances, actively concealing information, which requires basic facts to be proven through documentary evidence.

2. One of Debtor's defenses to Plaintiffs' action is that much of money alleged to have been misappropriated was actually used for legitimate LLC expenses, e.g., building repairs/improvements, the payment of wages, etc. Plaintiffs will need to investigate each instance in which the Debtor claims money was transferred/spent for legitimate needs of the LLCs over a 3-4 year period of time and conduct discovery to determine whether or not Debtor's defenses are creditable.

3. Plaintiffs have identified 41 witnesses/entities in their initial disclosures. Several of the witnesses who have discoverable information are attorneys who may have represented debtor. It is anticipated that one or more of these attorneys may raise privilege issues that will need to be decided by the Court before depositions may be had.

4. Debtor is alleged to have forged Burrus' name and/or fraudulently submitted Burrus' driver's license to at least four different entities: Bishopville Petroleum, Pawnee Leasing, H.T. Hackney, Direct Capital Corporation, and possibly Ascentium Capital. Plaintiffs will need to take depositions of representatives of each of these companies related to the circumstances that led to each entity's dealings with Bergmann and why it was necessary for her to forge Plaintiff Burrus' name. In addition, Plaintiff Burrus has raised a novel cause of action, civil forgery, which is currently not expressly recognized under South Carolina law. Because novel questions of law are generally not resolved until the factual allegations that underpin them are fully developed, discovery will need to be conducted regarding the same.

    \_\_\_\_ No discovery is needed. The Court may set the matter for trial. Estimate on time needed for trial is _____ hours, days (circle one). A separate letter with available trial dates is attached.

    \_\_\_\_ A more immediate settlement or pretrial conference with the Court would be beneficial, either in person or by telephone. Plaintiff(s)' counsel will coordinate the scheduling of such a conference.

2. Does a party assert this adversary proceeding contains non-core causes of action?

    \_\_\_\_ Yes    X No

Please list below the causes of action that a party asserts are non-core and the party or parties making the assertion (*i.e.* Negligence – John Doe and Jane Doe). If all parties agree a particular cause of action is non-core, please indicate all parties (*i.e.* Battery – All Parties).

    N/A

3. Does a party assert this adversary proceeding contains core causes of action that this Court does not have constitutional authority to finally adjudicate?

    \_\_\_\_ Yes    X No

Please list below the causes of action that a party asserts are core causes of action that this Court does not have constitutional authority to finally adjudicate and the party or parties making the assertion (*i.e.* Negligence – John Doe and Jane Doe). If all parties agree a particular cause of action falls within this category, please indicate all parties (*i.e.* Battery – All Parties).

    N/A

4. If a party or parties assert this adversary proceeding contains non-core causes of action or core causes of action that this Court does not have constitutional authority to finally adjudicate, do all parties consent to this Court finally adjudicating this adversary proceeding?[1] If all parties agree that all of the causes of action in this adversary proceeding are core proceedings that this Court has constitutional authority to finally adjudicate, please check "Not applicable."

    \_\_\_\_ Yes    \_\_\_\_ No    X Not applicable

5. If a jury trial has been requested for some or all of the causes of action in this adversary proceeding, do all parties consent to this Court conducting a jury trial?[2] If no jury trial has been requested, please check "Not applicable."

    \_\_\_\_ Yes    \_\_\_\_ No    \_\_\_\_ Not applicable

---

[1] In the absence of the parties answering "Yes" to question 5, this Court will not consider a "Yes" answer to question 4 to constitute consent to a jury trial conducted by this Court.

[2] This Court will not consider a "Yes" answer to question 5 to be a concession that there is a right to a jury trial on any particular cause of action. If a party wants a determination as to whether a jury trial has been properly requested with respect to a particular cause of action, an appropriate motion must be filed.

3

Plaintiffs have requested and reserve their right to a trial by jury. However, Plaintiffs are considering the possibility to allowing their claims to be tried by the Court without a jury. Plaintiff intends to revisit this issue toward the end of the discovery period.

**ALL PARTIES OR THEIR COUNSEL MUST SIGN BELOW. BY SIGNING BELOW, YOU ARE REPRESENTING TO THE COURT AND AGREEING THAT THE REPRESENTATIONS CONTAINED IN THIS REPORT ARE ACCURATE AND BINDING ON YOUR CLIENT.[3] IF YOU ARE A PARTY TO THIS ADVERSARY PROCEEDING, YOU ARE REPRESENTING TO THE COURT AND AGREEING THAT THE REPRESENTATIONS CONTAINED IN THIS REPORT ARE ACCURATE AND BINDING ON YOU.**

_/s/ Ashley Twombley_____
Signature

___J. Ashley Twombley_____
Print Name

Contact Information:    311 Carteret Street

                              Beaufort, SC  29902

                              843-982-0100

                              twombley@twlawfirm.com

Counsel for _____Plaintiffs_____

**ATTACH ADDITIONAL SIGNATURE PAGES AS NEEDED**

---

[3] If the attorneys representing parties in this adversary proceeding prefer to sign this Report electronically, they may attach pages containing their electronic signatures.