UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Jennifer Rogers Bergman,

                              Debtor(s).

_____

E. Perry Burrus, III and Lake Como, LLC,

                              Plaintiff(s),

v.

Jennifer Rogers Bergman,

                              Defendant(s).

C/A No.16-02250-DD
Chapter 7

ADV. PRO. 16-80113-DD

**PLAINTIFFS' RESPONSE TO BERGMANN'S MOTION TO DISQUALIFY COUNSEL**

Presently before the Court is Debtor/Defendant Jennifer Rogers Bergmann's (Bergmann) Motion to Disqualify Counsel.  Bergmann seeks to have the undersigned disqualified as counsel for Plaintiffs, citing Rule 3.7, Rule 407, SCACR, in support of her motion.  For the reason set forth below, Bergmann's motion should be denied.

<u>**Legal Authority**</u>

South Carolina Rule of Professional Conduct 3.7 provides:

(a) A lawyer shall not act as advocate at **a trial** in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

Rule 3.7(a), Rule 407, SCACR (emphasis added).

1

### Argument

**I.      Rule 3.7 only prevents a lawyer from acting as an advocate "at a trial".**

By its terms, Rule 3.7 can only disqualify a lawyer from acting as an advocate "at a trial" and cannot disqualify a lawyer from pre-trial or post-trial representation.  As explained in the Comment to Rule 3.7, the rule is designed to prevent a trier of fact from being "confused or misled by a lawyer serving as both an advocate and a witness" and if the combination of roles would prejudice a party's rights in litigation.  Rule 3.7 Comment, Rule 407, SCACR.

When interpreting nearly identical versions of Rule 3.7, other courts have concluded that the Rule only bars a lawyer from acting as an advocate during a trial.  E.g., Main Events Productions, LLC, v. Lacy, 220 F.Supp.2d 353 (D.N.J. 2002) ("R.P.C. 3.7(a) is a prohibition only against acting as an 'advocate at a trial.'"); Gordon v. Bechtel, Int'l, No. 01-132, 2001 WL 1727251, at *5 (Dist.V.I. Dec. 28, 2001) ("In any event, the rule only applies to trial and the attorney may continue to represent the client up to trial"); Culebras Enterprises Corp. v. Rivera-Rios, 846 F.2d 94, 98 (1st Cir. 1988) ("Rule 3.7 only prohibits an attorney from acting '*as advocate at a trial*' if he ought to be called as witness.") (emphasis in original); Caplan v. Braverman, 876 F. Supp. 710 (E.D. Penn. 1995) (denying motion for disqualification prior to the conclusion of discovery because Rule 3.7 only prevents a lawyer who will be a witness from acting as an "advocate at a trial"); Standard Quimica de Venezuela, C.A. v Central Hispano International, Inc., 179 F.R.D. 64, 66 (D. Puerto Rico 1998) (denying motion for disqualification "at this early stage of the proceeding" and allowing Plaintiff to renew motion to disqualify attorney from acting as advocate at trial).

This case is in the earliest stages of litigation.  Pleadings have been filed, and the parties have exchanged initial disclosures.  No depositions have been taken, no discovery has been

conducted, and the parties have not entered into a scheduling order. Because Rule 3.7 only applies to disqualifying counsel during a trial, it cannot serve to completely disqualify counsel now.  Accordingly, Bergman's motion should be denied.

The Court can end its analysis here.  The Court is not required to analyze the additional grounds that defeat Bergmann's Motion.  Nevertheless, there are additional reasons that Bergmann's Motion should be denied.

## II.    Bergmann has failed to show why the undersigned will be a "necessary" witness or that that the undersigned's testimony relates to a "contested issue".

A lawyer is only subject to disqualification from acting as an advocate at trial under Rule 3.7 when the lawyer is likely to be a "necessary witness."  Rule 3.7(a), Rule 403, SCACR. Bergmann has failed to offer any explanation, or any evidence, as to why the undersigned might be a witness, much less a necessary witness.  She simply states that the undersigned is an "extremely necessary witness in this case" and that the undersigned's testimony "relates to a contested issue and not to the nature and value of legal services rendered."  Motion to Disqualify at 2 (Court Doc. 6). Because Bergman has failed to explain why she believes the undersigned will be a necessary witness, and failed to explain what the "contested issue" is that the undersigned will need to testify about, it is impossible for the undersigned to respond to her contentions.  Moreover, it is impossible for the Court to analyze whether or not her contentions are correct.  See Rule 7007, FRBP (Rule 7, FRCP, applies to bankruptcy adversary proceeding); Rule 7(b), FRCP (a motion must "state with particularity the grounds seeking the order . . . .") Accordingly, Bergman's Motion to Disqualify should be denied.

## Conclusion

The Supreme Judicial Court of Massachusetts has explained:

[Courts] must be mindful that disqualification is not required in every case in which counsel could give testimony on behalf of his client on other than formal or uncontested matters, nor is it automatically granted where a party attempts to call opposing counsel.  Rather, our framework requires a more searching review to determine whether the lawyer's continued participation as counsel taints the legal system or the trial of the case before it. To that end, judges must carefully examine the evidence before them and should consider whether the information sought from the attorney-witness can be presented in a different manner, whether the attorney-witness's testimony would be cumulative or marginally relevant, or whether disqualification was a foreseeable outcome. Where the need for an attorney to testify on behalf of his client arises, judges should defer to the best judgment of counsel and his client, unless the attorney is withholding crucial testimony from his client because he prefers to continue as counsel. But where opposing counsel seeks to question the attorney, the matter lies differently. In such cases, judges must guard against the Canons of Ethics being brandished for tactical advantage, and must prevent litigants from wielding the rule as a weapon to maneuver opposing counsel's withdrawal and to that degree unsettle the adversary.

Smaland Beach Ass'n, Inc. v. Genova, 461 Mass. 214, 220–21, 959 N.E.2d 955, 963 (2012)

(internal citations and quotations omitted). For the reasons contained in this Memorandum in

Opposition to Bergmann's Motion, as may be raised in any supplemental memoranda or briefs,

or as may be raised at any hearing on this matter, Bergmann's Motion to Disqualify J. Ashley

Twombley should be denied.

TWENGE + TWOMBLEY LAW FIRM

By:  _____

J. ASHLEY TWOMBLEY
District Court I.D. #9388
311 Carteret Street
Beaufort, SC 29902
Telephone: (843) 982-0100
twombley@twlawfirm.com

and

DROSE LAW FIRM

BY:    /s/ Ann U. Bell
ANN U. BELL
District Court I.D. #10372
3955 Faber Place Drive, Suite 103
Charleston, SC 29405
(843) 767-8888

*Attorneys for Plaintiffs*

Beaufort, South Carolina

October 13, 2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

Michael G. Matthews, Esquire
Attorney at Law
2015 Boundary Street
Suite 319
Beaufort, SC 29902
Telephone: 843-379-0702
matthews.michaelg@gmail.com
Attorney for Defendant


This 13th day of October 2016.

TWENGE + TWOMBLEY LAW FIRM

By:    _____
J. ASHLEY TWOMBLEY
District Court I.D. #9388
311 Carteret Street
Beaufort, SC 29902
Telephone: (843) 982-0100
twombley@twlawfirm.com
Attorney for Plaintiffs