UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Jennifer Rogers Bergman,         ) | |
|                                          ) | C/A No. 16-02250-DD |
| Debtor(s).         ) | Chapter 7 |
| ───────────────────────────────   ) | |
|                                          ) | ADV. PRO. 16-80113-DD |
| E. Perry Burrus, III and Lake Como, LLC, ) | |
|                                          ) | **PLAINTIFFS' RESEPONSE IN** |
| Plaintiffs,         ) | **OPPOSITION TO DEFENDANT'S** |
| vs.                                      ) | **MOTION FOR A PROTECTIVE** |
|                                          ) | **ORDER** |
| Jennifer Rogers Bergmann,         ) | |
|                                          ) | |
| Defendant.         ) | |

TO:   MICHAEL G. MATTHEWS, ESQUIRE, ATTORNEY FOR DEFENDANT:

Plaintiffs Lake Como and E. Perry Burrus (Plaintiffs) hereby make the following response in opposition to Debtor/Defendant Jennifer Bergmann's (Bergmann) Motion for a Protective Order.

**Introduction**

Bergmann has filed a motion for a protective order, alleging that discovery (subpoenas, interrogatories and requests for production) served by Plaintiffs is not relevant to Plaintiffs' adversary proceeding. Bergmann also alleges that absent such an order, Plaintiff will "continue to use discovery to litigate state court matters, [sic] annoyance, oppression, burdensome, and unnecessary costs and expenses to Ms. Bergmann." Motion p. 1.   Bergmann's motion is vague, conclusory and general and does not provide any specific examples or instances as to why the discovery sought is not relevant to Plaintiffs' claims and Bergmann's defenses. In addition, she has not shown or even attempted to show how the discovery is oppressive and unduly burdensome.

1

Despite the same, Plaintiffs can show that their discovery is relevant to Plaintiffs' claims and Bergmann's defenses and that it is not necessary for the Court to enter a protective order.

## Argument

As the Court stated during the October 18, 2016, status conference and motion hearing, "[a] claim is defined as a right to payment, and they [the Plaintiffs] have to be able to show that they have a right to some payment from her [Jennifer Bergmann] arising out of her actions or conducts and that give right to a cognizable cause of action. . . . Now, once that's shown, what they then have to show is that she somehow induced that debt that a false representation, or in a fiduciary capacity, did something wrong, or willfully and wantonly caused damage to the plaintiffs." (10/18/16 Hearing Transcript p.14, lines 13-19 and 21-25).

## Overview of Plaintiff's Claims

In the adversary complaint, Plaintiffs allege as follows:

(1)    that Bergmann obtained money by false pretenses from Lake Como by improperly inducing Lake Como to invest in Sand Hill Stations and Docks Shell (LLCs), two entities Bergmann controlled. Thereafter, Bergmann used the money paid by Lake Como (and other money that belonged to the LLCs) for her own personal use or for the use of other entities she controlled. These facts give rise to numerous causes of action against Bergmann, and if proven, Lake Como's claims would not be dischargable in bankruptcy under 11 U.S.C. § 523(a)(2)(A);

(2)    that Bergmann, as manager of Sand Hill Stations and Docks Shell, owed fiduciary duties to Lake Como, a member of both Sand Hill Stations and Docks Shell, and that Bergmann breached her fiduciary duties by using business funds to pay for personal services and items and by transferring business funds to other entities that she controlled. These facts give rise to

2

numerous causes of action such that Lake Como has claims against Bergmann, and if proven, Lake Como's claims would not be dischargable in bankruptcy under 11 U.S.C. § 523(a)(4);

(3)     that Bergmann forged Perry Burrus's name (and other names) on documents to obtain money, and that Perry Burrus has a claim against Bergmann for the injuries and damages he sustained as a result of her forgeries. These facts give rise to numerous causes of action against Bergmann, and if proven, would not be dischargable in bankruptcy under 11 U.S.C. § 523(a)(2)(B);

(4)     that Bergmann willfully and maliciously used Burrus's name, signature and credit without his permission or authority. These facts give rise to numerous causes of action against Bergmann, and if proven, would not be dischargable in bankruptcy under 11 U.S.C. § 523(a)(6); and

(5)     that Bergmann willfully and maliciously made false representations in a state court action wherein she misrepresented to the Court where she had signed Burrus's name. These facts, if proven, give rise to various remedies, and would not be dischargeable in bankruptcy under 11 U.S.C. § 523(a)(6).

### Overview of Bergmann's Denials and Defenses

In her Answer, Bergmann

- denied that Plaintiffs have any claims against her,
- denied that she made false representations,
- denied that she converted LLCs' funds for her personal use,
- denied that she forged Burrus' name on any documents,
- denied that she converted funds fraudulently obtained with Burrus' forged signature for her own personal use by further misappropriating business funds,

3

- denied that she breached any fiduciary duties,

- denied, for a second time, that she used LLCs' funds for her personal use,

- denied that she made any misrepresentations to the state court regarding where she had signed Burrus's name;

- affirmatively declared that "if any LLC funds were used for personal use, the funds were either immediately reimbursed or offset against contributions made and/or salary not received on the advice of the LLC's accountant and tax advisor(s)." Answer ¶ 50; and

- denied any willful and malicious injury to Plaintiff.

## The Discovery Standard and Plaintiffs' Discovery

In an adversary proceeding, a party "may obtain discovery regarding any nonprivileged mater that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1), F.R.Civ.P,; see also Rule 7026, FRBP ("Rule 26 F.R. Civ.P applies in adversary proceedings.") and In re Candor Diamond Corp., 26 B.R. 847 (S.D.N.Y. 1983) (discovery is limited to material that is relevant to subject matter of pending litigation). Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 401, F.R.E.

"The party seeking a protective order bears the burden of demonstrating good cause. To establish good cause, a party *must* submit a particular and specific demonstration of fact, as distinguished from stereotypes and conclusory statements." In re Carrrow-Franklin, 456 B.R. 753, 755-565 (D.S.C. 2011) (internal citations and quotations omitted and emphasis added). Bergmann

4

has not made any such showing. Moreover, considering the pleadings and the scope of discovery, Bergmann cannot establish that she is entitled to a protective order.

1. <u>Bergmann's Motion fails to demonstrate good cause for a protective order.</u>

Bergmann's Motion for a Protective Order contains nothing more than conclusory statements. Regarding Plaintiffs' subpoenas to TD Bank, Palmetto State Bank, United Community Bank, Ameris Bank, First Citizens Bank, Bank of America, and South State Bank, Bergmann baldly states, without more, "none of which [subpoenas] are believed to have information regarding issues before this court." Motion p.3. As to the 30(b)(6) deposition of TD Bank, Bergmann simply states that neither she nor her counsel "believe that this deposition will lead to discoverable information relating to the limited matters before the court." <u>Id.</u> Finally, as to Plaintiffs' Interrogatories and Requests for Production, Bergmann simply asserts that she "is informed and believes that [Plaintiffs' Interrogatories and Requests for Production] also are beyond the scope of the issues before this Court." <u>Id.</u>

In her Motion, Bergmann has failed to provide any "particular and specific demonstration of fact" that would entitle her to a protective order, and the Motion for Protective Order should be denied for this reason alone.

2. <u>Plaintiffs' discovery requests are proper and fall within the scope of Rule 26, F.R.Civ.P.</u>

Plaintiffs' discovery requests seek information and evidence relevant to the claims and defenses in this adversary proceeding. For example:

- Plaintiffs have served subpoenas on TD Bank, Palmetto State Bank, United Community Bank, Ameris Bank, First Citizens Bank, Bank of America, and South State Bank requesting copies of the banking records for the LLCs and for accounts controlled by Bergmann. These documents will show the financial condition of the

5

    LLCs at different time periods, representations made to the financial institutions by Bergmann, receipts and disbursements of LLC funds by Bergmann, to whom LLC funds were disbursed, whether or not Bergmann used LLCs' funds for her own use, whether or not Bergmann transferred LLC funds to her personal accounts to other business accounts she controlled, and how the LLCs debit and credit card accounts were used. All of these issues are directly relevant to Plaintiffs' claims and Bergmann's defenses to those claims.

- The banking records at issue are also relevant to prove or disprove Bergmann's Answer. For example, Bergmann denies in her Answer that she used LLCs' funds for her personal use. The banking records are relevant to Bergmann's denial. Additionally, Bergmann alleges that if any LLC funds were used for personal use, the funds were either "immediately reimbursed or offset against contributions made and/or salary not received on the advice of the LLC's accountant and tax advisor(s)." The banking records will show (a) whether any LLC funds were used for personal use and (b) whether the funds were immediately reimbursed.
- Several of Plaintiffs' Interrogatories ask Bergmann to set forth all facts to support each of Bergmann's 14 Affirmative Defenses. These interrogatories certainly relate to the claims and defenses in this adversary proceeding.

Accordingly, Plaintiffs' discovery falls within the scope of Rule 26, F.R.Civ.P., and Bergmann has failed to carry her burden to establish that a protective order is needed.

## **Conclusion**

For the reasons stated in this response and as may be raised in any supplemental memoranda or at any hearing, Bergmann's Motion for a Protective Order should be denied.

                                      TWENGE + TWOMBLEY LAW FIRM

By:     s/J. Ashley Twombley
        J. ASHLEY TWOMBLEY
        District Court I.D. #9388
        311 Carteret Street
        Beaufort, SC 29902
        Telephone: (843) 982-0100
        twombley@twlawfirm.com

        and

DROSE LAW FIRM

BY:     /s/ Ann U. Bell
        ANN U. BELL
        District Court I.D. #10372
        3955 Faber Place Drive, Suite 103
        Charleston, SC 29405
        (843) 767-8888

*Attorneys for Plaintiffs*

Beaufort, South Carolina

April 6, 2017

8