UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | |
| Jennifer Rogers Bergman, | C/A No.16-02250-DD |
| | Chapter 7 |
| Debtor(s). | |
| | ADV. PRO. 16-80113-DD |
| E. Perry Burrus, III and Lake Como, LLC, | |
| Plaintiff(s), | |
| v. | |
| Jennifer Rogers Bergman, | |
| Defendant(s). | |

**NOTICE OF MOTION AND
MOTION FOR A PROTECTIVE ORDER RELATING TO THE DEPOSITION OF
PLAINTIFF E. PERRY BURRUS, III**

YOU WILL PLEASE TAKE NOTICE that Plaintiffs, by and through their undersigned counsel, hereby move the Court for a Protective Order under Bankruptcy Rules 7026 and 7030 and Rules 26 and 30 of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiffs' Motion for a Protective Order relating to the Deposition of Plaintiff E. Perry Burrus (Dr. Burrus) is due to be granted.

Defendant Jennifer Bergmann (Bergmann) noticed the deposition of Dr. Burrus for May 8, 2017. Dr. Burrus and his counsel attended the deposition as scheduled. During the deposition, Bergmann's counsel asked questions that a) invaded the attorney client privilege, b) invaded the work product doctrine, c) were outside the scope of the parameters established by the Court related to this adversary proceeding, and d) were otherwise intended to harass, annoy and embarrass Dr. Burrus. Dr. Burrus did not answer these specific questions.

1

Notwithstanding the above, Dr. Burrus continued to make himself available to answer all other questions posed by Bergmann's counsel. Bergmann's counsel continued the deposition and was given the opportunity to ask any other questions he chose. Dr. Burrus' deposition continued without issue, and Dr. Burrus answered all other questions posed to him. Bergmann's counsel then concluded the deposition.

In accordance with Bankruptcy Rules 7026 and 730 and Rule 26 and 30 of the Federal Rules of Civil Procedure, Dr. Burrus is now filing this Motion for a Protective Order related to the specific questions that he did not answer during his deposition.

The court reporter has not yet provided a transcript of Dr. Burrus' deposition. Once the transcript is provided and reviewed, Dr. Burrus will supplement this Motion with a more detailed Memorandum and the transcript itself so that the Court can determine the propriety of the questions at issue.

This motion is based upon the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, supporting case law, the pleadings on file and such further evidence as may be presented and upon such other law as is applicable. Undersigned counsel certifies pursuant to Rule 26(c)(1), FRCP, that he conferred or attempted to confer with Bergmann's counsel during the deposition to resolve this matter without court action and was unable to do so.

TWENGE + TWOMBLEY LAW FIRM


BY:    S/ J. Ashley Twombley
       J. ASHLEY TWOMBLEY
       Federal Bar #9388
       311 Carteret Street
       Beaufort, SC  29902
       Telephone: (843) 982-0100
       twombley@twlawfirm.com

       and

2

                    DROSE LAW FIRM

BY:    S/ Ann U. Bell
          ANN U. BELL
          District Court I.D. #10372
          3955 Faber Place Drive, Suite 103
          Charleston, SC 29405
          (843) 767-8888
          ann@droselaw.com

          Attorneys for Plaintiffs

Beaufort, South Carolina
May 12, 2017