UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Jennifer Rogers Bergman,<br><br>　　　　　Debtor(s). | C/A No. 16-02250-DD<br>Chapter 7 |
| E. Perry Burrus, III and Lake Como, LLC,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>Jennifer Rogers Bergmann,<br><br>　　　　　Defendant. | ADV. PRO. 16-80113-DD<br><br>**PRETRIAL STIPULATION<br>SUBMITTED BY DEFENDANT ONLY** |

A. **Admitted Facts:**

1. Defendant, Jennifer Bergmann, filed her individual chapter 7 case on May 4, 2016.

2. Ms. Bergmann is a member of JTKT, LLC.

3. JTKT, LLC is a member of both Docks Shell, LLC ("Docks") and Sand Hill Stations of Bluffton, LLC ("Sand Hills").

4. Plaintiff, E. Perry Burrus III, is not a member of either Docks Shell, LLC or Sand Hill Stations, LLC.

5. Lake Como, LLC is a member of Docks Shell, LLC.

6. Plaintiff's initiated contact with Ms. Bergmann about investing in the LLC's via Facebook and family members.

7. Prior to investing, Plaintiff's hired counsel to advise them.

8. Neither Plaintiff's have made a loan directly to Jennifer Bergmann nor have either extended credit to her.

9. Plaintiff's failed to perform under their payment obligations to Sand Hill.

1

10. Both Docks and Sand Hill have valid Operating Agreements whereby Ms. Bergmann is the manager.

11. Plaintiff's spoke to others, outside the presence of counsel, concerning the matters alleged in Plaintiff's Complaint.

12. Without the knowledge or permission of the manager or other members of the LLC, Plaintiff's filed a Lis Pendens which prevented the original sale/closing of Docks.

13. Docks eventual sales price was approximately five-hundred-thousand dollars ($500,000.00) less than the original sales price due to the unauthorized filing of the Lis Pendens.

14. No meeting or vote was held or taken to remove Ms. Bergman from her position of manager of the LLC.

15. No meeting or vote was held to authorize the filing of the Lis Pendens.

16. On April 22, 2014 an email was sent to Ms. Bergmann from Edward Burrus < epb3stb@gmail.com which reads "Jennifer, I am sorry that it took so long to get back to you. I have considered your proposal to remain an investor and have decided to do so so..." ...

17. The members of Docks held a meeting in January 2014 where they were asked to infuse capital into the LLC by Ms. Bergmann and she was told by the members that they would not comply with her request and that the business needed to be sold. As a result of that meeting, Ms. Bergmann located a buyer.

18. Plaintiff, Burrus, with knowledge and permission, provided his drivers license and financial information to Ms. Bergmann to be used to obtain credit for the LLC.

19. Ms. Bergmann did not transfer "over $600,000 out of the LLC's bank account and into other accounts she controlled" as alleged in paragraph 21 of the Complaint.

20. The October 2014 meeting referenced in paragraph 25 of Plaintiff's Complaint never took place.

21. Plaintiffs demanded that the funds from the Docks bank account held at First Citizens be brought to the closing table of Docks and those funds be made payable to Tom Johnson.

## B. FACTS TO BE LITIGATED:

22. Did Ms. Bergmann make false representations to Lake Como to induce Lake Como into investing into the two LLC's? And, if so, to whom and when?

23. Did Ms. Bergmann covert money that belonged to the LLC's for her own personal use? If so, when was it converted, how much was converted, and what did she do with the converted money?

24. Did Ms. Bergmann routinely use LLC money to pay for personal items as alleged in Plaintiff's Complaint?

25. Did Ms. Bergmann's actions or inaction cause Lake Como to lose any investment(s) it may have made?

26. Have Plaintiff's been damaged by Ms. Bergmann?

27. What authority did Plaintiff have to file the Lis Pendens?

28. Did the filing of the Lis Pendens contribute to LLC's investors failure to recover any/all previous investments?

29. What funds did the LLC's obtain based on alleged forgeries and when and how were they converted to Ms. Bergmann's personal use as alleged in the Complaint?

30. What evidence exists that Ms. Bergmann forged Plaintiff's name without his knowledge or consent?

31. How much in attorney fees, costs, and expenses has Plaintiff incurred by defending lawsuits brought by vendors who extended credit to the LLC?

32. How much lost time has Plaintiff lost from his employment that was required to talk to collection agents? Which collection agents has he spoken to and when did he speak with them?

33. What is the damage to Burrus' reputation in the community?

34. What fiduciary duties did Ms. Bergmann breach in her capacity of Manager? When did she breach them? How did she breach them?

35. How did Ms. Bergmann willfully and maliciously damage Plaintiffs?

36. Do Plaintiff's have standing against Ms. Bergmann for her role as manager of Sand Hills?

## C. ISSUES TO BE DETERMINED BY THE COURT:

37. Are the Plaintiff's creditors of Ms. Bergmann?

38. If so, do the Plaintiff's have a claim or claims against Ms. Bergmann?

39. If the Plaintiff's have a claim or claims against Ms. Bergmann, should a discharge be denied?

40. Since the creditor has requested a determination of the dischargeability of a debt under 523(a)(2), and if such debt is discharged, should the court grant judgment in favor of the debtor for the costs of, and reasonable attorney fees for, the proceeding pursuant to § 523(19)(d)?

## D. EXHIBITS:

\*\*\*Plaintiff's have not provided any documents nor exchanged any exhibits with Defendant at the time of filing this Pretrial Stipulation. Therefore, Defendant has not had an opportunity to review them or object in the event an objection is warranted.

\*\*\*Defendant confirms that the following exhibits have been previously produced and delivered to Plaintiff's counsel through discovery. Additionally, they have been hand delivered to Plaintiff's counsel's office simultaneously with the filing of this Pretrial Stipulation.

41. Facebook correspondence to Ms. Bergmann from the Burrus' dated April 2014 where the Burrus initiate interest in going into business with Ms. Bergamnn.

42. Plaintiff's Complaint and Exhibits.

43. Sand Hill Operating Agreement.

44. Docks Operating Agreement.

45. Unanimous Consent Resolution of the Members of Docks Shell, LLC dated November 9, 2012.

46. Closing documents/Hud for the sale of Docks.

47. Compass South Appraisal for Docks.

48. Ameris Bank Appraisal Report for Docks

49. January 2013 Letter to Sommers Oil regarding fuel.

50. The H.T. Hackney Co. Inc EFT Payment Program Form Dated July 2014.

51. Merchant Cash Advance loan packages for the LLC's guaranteed by Ms. Bergmann.

52. April 22, 2014 email from Plaintiff to Ms. Bergmann deciding to remain an investor.

53. First Citizens bank statements for JTKT DBA Jenny's.

54. Kenneth Scott Builders Find Report and Bank Statements.

5

E. **RULES AND BANKRUPTCY RULES:**

   11 U.S.C. § 523 (a)(2)(a)

   11 U.S.C. § 523 (a)(2)(b)

   11 U.S.C. § 523 (a)(4)

   11 U.S.C. § 523 (a)(6)

F. **WITNESSES FOR DEFENDANT:**

   Jennifer Bergmann

   Jeanne Rogers

   E. Perry Burrus III

G. **WITNESSES BY DEPOSITION:**

Defendant will not offer witness testimony by deposition and objects to deposition testimony by Plaintiffs.

By: _____
Michael Matthews, SC Bar #76166
Fed ID #10012
Attorney for Plaintiff
2015 Boundary Street, Ste 319
Beaufort, South Carolina 29902
(843) 379-0702

August 21 2017