UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Jennifer Rogers Bergmann,<br><br>Debtor(s).<br>_____<br><br>E. Perry Burrus, III and Lake Como, LLC,<br><br>Plaintiff(s),<br>v.<br><br>Jennifer Rogers Bergmann,<br>Defendant(s). | C/A No.16-02250-DD<br>Chapter 7<br><br>ADV. PRO. 16-80113-DD |

**PRE-TRIAL STIPULATION**

Plaintiffs E. Perry Burrus, III (Burrus) and Lake Como, LLC (Lake Como) filed this adversary action alleging that Defendant Jennifer Bergmann (Bergmann) owes debts to the Plaintiffs and that these debts are not dischargeable in bankruptcy. Generally, Plaintiffs allege that:

- Bergmann obtained money from Lake Como/Burrus by false pretenses and through misrepresentations and thus improperly induced Lake Como/Burrus to invest in Sand Hill Stations and Docks Shell (LLCs), two entities Bergmann organized and managed;

- Bergmann obtained money from Lake Como through the use of false writings;

- Bergmann owed and breached her fiduciary duties to Lake Como by using money that belonged to the LLCs for improper reasons, and by transferring business funds to, and co-mingling each LLCs funds with, other entities that she

1

controlled, and in violation of the operating agreements that governed the LLCs; and

- Bergmann caused willful and malicious injuries to Burrus by, among other things, forging Burrus' name on documents and submitting his driver's license and other personal and sensitive information to creditors of the LLCs. Plaintiffs also contend that Bergmann converted funds that belonged to Lake Como to her own use.[1]

Bergmann filed an Answer to Plaintiffs' Complaint denying that she owed any money to Burrus or Lake Como and asking that the adversary action be dismissed.

A. Facts which are admitted and require no proof

There are some material facts Plaintiffs believe are not in dispute. For example:

- Bergmann made misrepresentations to Burrus (on behalf of Lake Como) about investing into the LLCs that Bergmann was organizing or had formed and was managing;

- Lake Como transferred at least $206,000 to Bergmann for Lake Como's investments into the LLCs;

- Once formed, both LLCs were manager managed, and Bergmann was the manager of both LLCs from the day they came into existence until the present time;

---

[1] Separate and apart from their underlying allegations, Plaintiffs also contend that Bergmann made wilful and intentional misrepresentations to a state court judge in a state court proceeding relating to where she had signed Dr. Burrus' name. A motion for sanctions and contempt of court relating to the willful misrepresentations had been briefed, a hearing held, and a ruling imminent when Bergmann filed for bankruptcy. Plaintiffs do not believe that Bergmann can absolve herself of contempt proceedings and sanction proceeding by filing for bankruptcy. Irrespective of their underlying allegations, the state court should be allowed to proceed with the contempt and sanction proceedings.

2

- Both LLCs were governed by written operating agreements, both of which are in large part identical;

- During the time Bergmann managed the LLCs, she opened and/or controlled:

    - 8 bank accounts at 4 different banks for Sand Hill;

    - 8 bank accounts at 5 different banks for Docks; and

    - 12 bank accounts at 6 different banks for other entities Bergmann owned, had a financial interest in, or had signature authority over.

- In all, Bergmann set up and controlled 28 accounts;

- Bergmann owed fiduciary duties to Lake Como and the other members of the LLCs;

- Bergmann formed, held a financial interest in and controlled several other entities during the time she managed the LLCs, including but not limited to, JTKT, LLC; JK Developers; JLR Realty, LLC; JLR Realty Group; and Pro Quis, LLC;

- Bergmann married Kenneth Tosky on July 22, 2011;

- Kenneth Tosky owned and controlled a company named Austin Builders, LLC and then Kenneth Scott Builders, LLC;

- Burrus was personally sued by Bishopville Petroleum as shown by the Complaint attached as Exhibit H to Plaintiffs' Complaint;

- Burrus filed a lawsuit against Bergmann in South Carolina State Court alleging forgery, as shown by Exhibit I to Plaintiff's Complaint, and part of Burrus' lawsuit included a request for a temporary restraining order and an injunction. An Order for Injunction was entered on February 6, 2015, and in the Order of Injunction, Bergmann represented to the Court that the instances where she

signed Burrus' name were Bishopville Oil, Pawnee Leasing, and possibly Ascentium Capital. This was not correct, and Bergmann also signed Burrus's name on a personal guarantee for Direct Capital. Burrus moved to have Bergmann sanctioned and held in contempt of court. The motion for sanctions and contempt had been filed, briefed, argued and a ruling was under consideration when Bergmann filed for bankruptcy;

- The forgery claim was ultimately dismissed on the sole ground that South Carolina does not currently recognize a civil cause of action for forgery. This novel question of law is currently before the South Carolina Court of Appeals, but stayed due to Bergmann's filing for Bankruptcy protection.

- On January 29, 2016, Lake Como, LLC filed a lawsuit against Bergmann in South Carolina State Court relating to Bergmann's actions and inactions and seeking damages.

B. The facts which remain to be litigated

A primary, but certainly not exclusive, list of issues that remained to be litigated is as follows:

- What representations did Bergmann make to Burrus and Lake Como regarding investing in the LLCs;

- Were the representations made by Bergmann misrepresentations or otherwise false or fraudulent;

- Did Bergmann obtain money from Lake Como through the use of false writings;

- Did Burrus give Bergmann permission to sign his name, and if so, for what purpose;

4

- Did Bergmann use the 28 bank accounts to comingle funds that belonged to the LLC with other entities she controlled;

- Did Bergmann commit fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

- Did Bergman commit willful and malicious injuries to Burrus and Lake Como; and

- Did Bergmann breach her fiduciary duties to Lake Como by using money that belonged to the LLCs for improper reasons, and by transferring business funds to other entities that she controlled.

C. <u>The issues to be determined</u>

The issues to be determined by the Court include the following:

- Whether Lake Como and Burrus are creditors of Bergmann;

- Whether Bergmann is entitled to a discharge in bankruptcy for debts owed to Lake Como and/or Burrus for money, property, services, or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud;

- Whether Bergmann entitled to a discharge in bankruptcy for debts owed to Lake Como and/or Burrus for money, property, services, or an extension, renewal or refinancing of credit to the extent obtained by use of a statement in writing that (1) is materially false (2) respecting the debtor's or insider's financial condition (3) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied, and (4) that the debtor caused to be made or published with the intent to deceive;

5

- Whether Bergmann is entitled to a discharge in bankruptcy for debts owed to Lake Como and/or Burrus for any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

- Whether Bergmann is entitled to a discharge in bankruptcy for any debt for willful and malicious injury by the debtor to another entity or the property of another entity;

- Should the stay be lifted so that the state court can proceed with its sanctions and contempt proceedings related to Bergmann's willful misrepresentations to the state court judge.

During the course of litigation, the Court has indicated that the only issues before the Court in this adversary proceeding are whether there a debt, and, if so, whether that debt is dischargeable. The Court has also stated that it will not decide the amount of the debt or the particulars of the underlying debt. Accordingly, Plaintiffs do not intend, at this time, to present evidence during trial as to the amount of the debt or the particulars of the debt, only whether or not a debt exists, and if so, whether that debt is dischargeable.

D. <u>A list of exhibits to be introduced at the hearing, in the sequence proposed to be introduced, with a description of each sufficient for identifications, together with a statement of any objections thereto (with specific evidentiary ground stated), and a statement confirming the fact that the parties have exchanged copies of said exhibits. The original and two copies of all paper exhibits shall be submitted to the courtroom deputy clerk at the same time as the Pretrial Stipulation. Trial exhibits are not to be filed on CM/ECF. Failure to exchange and submit exhibits in a timely fashion may result in the Court denying admission of the exhibits. At trial the proponent of an exhibit shall provide copies, pre-marked for identification, for all opposing counsel and the witness stand. Consult Chamber Guidelines for information concerning electronic evidence presentation.</u>

Due to the volume of documents Plaintiffs are in possession of, all of Plaintiffs documents and exhibits have been available for inspection and copying by defense counsel. Defense counsel initially requested the opportunity to inspect Plaintiffs' documents and was

6

given numerous dates in which to do so. Defense counsel made several appointments to review the documents but ultimately failed to attend any of the appointments he scheduled.

Notwithstanding the above, on July 14, 2017, Plaintiffs' counsel wrote defense counsel about the documents Plaintiffs intended to use at trial. Specifically, Plaintiffs wrote as follows:

> Finally, the proposed stipulation needs to address the admissibility of documents at trial. The way I interpret Judge Duncan's Order is that he is directing us to try and agree on the admissibility of all documents before trial so we do not have to take up the Court's time addressing these types of issues. Based upon the documents you have produced, I am not aware of any objections I would have to their admissibility at trial. Plaintiffs' documents continue to remain available for inspection. If we do not hear from you by July 21, 2017, we will interpret your silence as having no objection to the admissibility of Plaintiffs' documents.

Defense counsel failed to respond to the letter or request additional time to address the pretrial stipulation by July 21, 2017. Further efforts to work with Defense counsel on a joint pre-trial stipulation were not successful.

In any event, the documents Plaintiffs intend to use at trial are set forth below. Plaintiff has made a significant effort to organize the documents in the order in which they currently propose to offer them into evidence at trial.

1. Consent Order of Injunction filed in Beaufort County on February 6, 2015 in the case of Burrus v. Bergmann, 2015-CP-07-00236
2. Summons and Complaint filed in Lee County on October 22, 2014 in the case of Bishopville Petroleum Company, Inc., v. Docks Shell, Burrus et al, including all exhibits
3. Subpoena Response from the South Carolina Educational Lottery
4. Jennifer Bergmann's Voluntary Petition for Bankruptcy filed on May 4, 2016
5. Docks Shell Operating Agreement
6. First Citizens Monthly Statements in the name of JTKT from April 2014 – January 2015
7. Sand Hill Stations Operating Agreement
8. First Amendment to Sand Hill Stations Operating Agreement dated 3/6/13
9. Limited Liability Company Transfer Agreement for Sand Hill Stations dated 3/6/13
10. JLR Realty Group Palmetto State Bank Signature Cards and Documents
11. Pro Quis Palmetto State Bank Signature Cards and Documents
12. JLR Realty Palmetto State Bank Signature Cards and Documents
13. Subpoena Response from South Carolina Department of Revenue (ABL)

14. H.T. Hackney/Stuart Marcus deposition exhibits
15. 9/15/14 email from Jennifer Bergmann
16. Emails produced by Defendant and related email threads to or from Bergmann
17. First Amendment (proposed) to Docks Shell Operating Agreement
18. Robinson Grant Subpoena Response
19. TD Bank Subpoena Response
20. Bishopville Petroleum/Green Deschamps deposition exhibits
21. Subpoena Response from Direct Capital
22. 12/22/15 letter from Direct Capital to Edward P. Burrus
23. Sand Hill Stations SCBT Operating Account documents for June 2012, July 2012, and August 2012
24. Sand Hill Stations SCBT Lottery Account documents for June 2012, July 2012, and August 2012
25. Sand Hill Stations SCBT Fuel Account documents for June 2012, July 2012, and August 2012
26. Charles Scarminach Deposition Exhibits, Disbursement Documents, and Closing Documents
27. PSB Docks Shell Statement and Check Images for July and August 2013
28. JK Developers SCBT Statements, Check Images, and Deposited Items for August 2011, September 2011, October 2011, November 2011, August 2012
29. Jennifer Bergmann Mad Money SCBT account records for August 2011, September 2011, and October 2011
30. JK Developer's banking records for account at Palmetto State Bank for April 2010 through July 2010
31. JK Developer's banking records from SCBT from April 2010 through July 2010
32. Jennifer Bergmann/Rita Rogers banking records from Palmetto State Bank for April 2010 through June 2010
33. JLR Realty Palmetto State Bank Records for May 2010
34. Wells Fargo Subpoena Response relating to Sand Hill loan
35. Sand Hill Stations Palmetto State Bank Operating Account records for February and March 2013
36. Sand Hill Stations Palmetto State Bank Lottery Account records for February and March 2013
37. Sand Hill Stations SCBT Operating Account documents for February and March 2013
38. Sand Hill Stations SCBT Lottery Account documents for February and March 2012
39. Sand Hill Stations SCBT Fuel Account documents for February and March 2013
40. Sand Hill Stations/Coosawhatchie General Store SCBT Account documents for February and March 2013
41. Docks Shell Account -2648 at Palmetto State Bank for November 2012 (Statements and Checks)
42. SHS Account -4680 at SCBT/South State Bank for November 2012 (Statements and Checks)
43. SHS Account -4979 (Fuel) at SCBT/South State Bank for November 2012 (Statements and Checks)

8

44. SHS Account -4961 (Lottery) at SCBT/South State Bank for November 2012 (Statements and Checks)
45. SHS/Coosawhatchie General Store Account -5604 at SCBT/South State Bank for November 2012 (Statements and Checks)
46. PSB – SHS Operating Account statement and check images for May 2013
47. PSB – SHS Lottery statement and check images for May 2013
48. SCBT – SHS Operating Account statement and check images for May 2013
49. PSB – Docks Operating Statement for May 2013
50. PSB – Pro Quis Operating Statement for May 2013
51. Tidelands Bank – Sand Hill Station Statement and Check Images for July 2014
52. Fast Advance Docs
53. Next Wave Docs
54. PSB – Docks Shell Operating Statement and check images for Dec. 2012
55. SHS Account – 4680 at SCBT Statement and check images for Dec. 2012
56. SHS Account -4979 (Fuel) at SCBT Statement and check images for Dec. 2012
57. SHS Account -4961 (Lottery) at SCBT Statement and check images for Dec. 2012
58. SHS/Coosawhatchie General Store Account -5604 at SCBT Statement and check images for Dec. 2012
59. PSB – Docks Shell Operating Statement and check images for August 2013
60. PSB – Docks Shell Lottery Account for August 2013
61. WF – Docks Shell Statement for August 2013
62. PSB – Pro Quis Statement for August 2013
63. PSB – SHS Operating Statement for August 2013
64. PSB – SHS Lottery Statement for August 2013
65. First Citizens - Docks Shell Fuel Account Statement for July 2014
66. Tidelands Bank – Sand Hill Station Statement for July 2014
67. Knight Capital Docs (Docs for No. 14 – Matthews Discovery, Supplemental Response Twombley Letter)
68. Yellowstone Capital Docs (Docs for No. 15)
69. PIRS Capital (Docs for No. 25)
70. SPNG Documents (Docs for No. 26)
71. First Citizens Dock Fuel Account Statement and Check Images for August 2014
72. Docks SCBT Statement and Check Images for January 2014
73. Tideland SHS Statement and Check Images for May 2014
74. Tideland SHS Statement and Check Images for June 2014
75. Tideland SHS Statement and Check Images for July 2014
76. PSB Docks Statement and Check Images for Nov. 2013
77. SHS Wells Fargo account statements and checks June 2012, July 2012, August 2012
78. Burrus v. Bergman, State Court Civil Action #2015-CP-07-00239, Summons and Complaint, Notice of Appeal, Motion for Sanctions, and Order of Stay
79. Lake Como, LLC v. Bergmann, State Court Civil Action #2016-CP-07-00260, Summons and Complaint, Order of Stay, Order of Dismissal for all except Bergmann
80. Eric Spector Deposition Exhibits
81. Jasper County Tax Lien documents for Jennifer Bergmann
82. Jasper County Tax Lien documents for Docks Shell

9

83. Town of Bluffton documents from FOIA request
84. Beaufort County Tax Lien documents for Sand Hill Stations
85. Partial Merrill Lynch Statements for Lake Como, LLC for periods ending March 28, 2013, April 30, 2013, May 31, 2013, July 31, 2013.
86. Partial Merrill Lynch Statements for Edward P. Burrus, III Trustee from February 2013.
87. Documents from Docks Shell Operating Account at Palmetto State Bank showing deposit of 3/7/13 check from Lake Como
88. Documents from Docks Shell Operating Account at Palmetto State Bank showing deposit of 4/10/13 check from Lake Como
89. Documents from Docks Shell Operating Account at Palmetto State Bank showing deposit of 5/8/13 check from Lake Como
90. Documents from Docks Shell Operating Account at Palmetto State Bank showing deposit of 6/27/13 check from Lake Como
91. February 2013 statement for Sand Hill Station's SCBT Operating Account
92. Docks Shell Tidelands Bank Loan Docs
93. Wells Fargo Authorization for Information for Docks Shell Account
94. Documents from Ascentium Capital
95. Sommers Oil Account records
96. John L. Mosca, CPA, PC documents
97. James Van Grouw, CPA documents
98. James Van Grouw, CPA emails and attachments
99. Option to Purchase Docks Shell and Lease Agreement

Plaintiffs reserve the right to use any and all banking records of the LLCs, Defendant, and the entities in which Defendant has a financial interest, signatory authority, and/or ownership interest. The records are not specifically listed and produced herein due to their voluminous nature. Plaintiffs underestimated the time it would take to segregate the documents set forth above from significant collection of other documents related to this case. Therefore, they are not being contemporaneously produced to defense counsel, although they have been available to defense counsel. However, the documents are now being placed on a disk and Plaintiffs intend to produce them to defense counsel within 48 hours.

E. <u>The rule(s) of bankruptcy procedure, the section(s) of the Bankruptcy Code or other statutory basis for relief, and case law on which the parties rely. The presentation of authority may be made by separate trial brief, filed contemporaneously with the Pretrial Stipulation</u>.

- 11 U.S.C. § 523(a)(2)(A);

10

- 11 U.S.C. § § 523(a)(2)(B);
- 11 U.S.C. § 523(a)(4);
- 11 U.S.C. § 523(a)(6);
- Rule 4005, F.R.B.P.;
- In re Bleam, 256 B.R. 642 (D.S.C. 2006);
- In re Volpe, 317 B.R. 684 (D.S.C. 2003);
- Farouki v. Emirates Bank International, Limited, 14 F.3d 244 (4th Cir. 1994);
- In re Niles, 106 F.3d 1456 (9th Cir. 1997)

F. A separate list by each of party of those witnesses whom each will present at the trial and those witnesses whom each party may present at trial.  Testimony will be limited to that from the witness so identified, except as may otherwise be permitted by law.  The statement by a party that a witness will be present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain the testimony of the witness.  Witnesses to be used only for impeachment need not be identified.

Plaintiffs plan to call

1. Perry Burrus
2. Sarah Burrus
3. Jennifer Bergmann
4. Tim Dolnik
5. Stuart Marcus or other representative of H.T. Hackney
6. Green Deschamps or other representative of Bishopville Oil
7. Representative of Sommers Oil
8. Charles Aimar
9. Michael Putich or other representative of Robinson Grant
10. John Mosca
11. Charles Scarminach
12. James Van Grouw
13. Eric Spector
14. Representative of TD Bank
15. Representative of Jasper County
16. Representative of the Town of Bluffton
17. Representative of Beaufort County
18. Representative of Wells Fargo

Plaintiffs May Call

1. Ken Tosky
2. Kimberly Rogers
3. John Rogers

4. Jeanne Rogers

G. <u>A separate list by each party of any witnesses whose testimony will be offered by deposition together with a statement of objections, if any, by opposing parties to the use of any portions of said depositions.</u>

None known at this time.

                            TWENGE + TWOMBLEY LAW FIRM

BY:    s/ J. Ashley Twombley
        J. ASHLEY TWOMBLEY
        Federal Bar #9388
        311 Carteret Street
        Beaufort, SC  29902
        Telephone: (843) 982-0100
        twombley@twlawfirm.com

and

DROSE LAW FIRM

BY:    S/ Ann U. Bell
        ANN U. BELL
        District Court I.D. #10372
        3955 Faber Place Drive, Suite 103
        Charleston, SC 29405
        (843) 767-8888
        ann@droselaw.com

Attorneys for Plaintiffs

Beaufort, South Carolina

August 22, 2017