IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re | ) | Case No.          15-02250-D |
| Jennifer Rogers Bergmann | ) | Adversary No.   16-80113-D |
| | ) | |
| Debtor(s) | ) | |
| E. Perry Burrus, III, Lake Como, LLC | ) ) | Chapter    7 |
| Plaintiff | ) | Motion to quash or modify |
|           v. | ) | Subpoena filed by |
| Jennifer Rogers Bergmann | ) | Charles A. Scarminach |
| Defendant(s) | ) | |

    Now comes Charles A. Scarminach ("Scarminach"), a member of the South Carolina Bar and a practicing attorney in Hilton Head Island, SC, and pursuant to 11 U.S.C. §105(a), Fed. R. Civ. P. 45(c), Fed. R. Civ. P. 26(c), Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9016 alleges as follows:

1. Scarminach served as an attorney for the Debtor in pre-petition commercial real estate and related matters at a time when Debtor's business was profitable.

2. On or about November 29, 2017, the Plaintiffs' Attorney issued a Subpoena (see attached) to Scarminach. On November 29, 2017, Scarminach accepted service of the Subpoena.

3. The Subpoena requires Scarminach to be present to appear and testify at a trial in an Adversary Proceeding from "1/22/2018 through 1/26/2018 at 10:00 a.m."

4. While the letter accompanying the Subpoena offers to attempt to limit the appearance of Scarminach to one date if possible, it also states: "I would ask that you get in touch with me or

my assistant, Andrea Smith, at (843) 982-0100, upon receipt of this subpoena so that we can make arrangements to contact you the week prior to trial and work out a date and time that your appearance will be required at trial the week of January 22, 2018. While we will do our best to work with you and minimize any inconvenience the trial may have on you, please keep in mind that the subpoena requires you to be present for the entire week. Additionally, enclosed is my firm's check in the amount $196.20, which represents the required mileage and witness fee for your appearance at trial." Thus far, the Subpoena, as issued, still stands, and while Scarminach understands and supports the adversarial system of litigation, he also feels compelled to respond to the Subpoena in an attempt to ameliorate what he is informed and believes is the undue burden and the undue and substantial expense of being required to take time off from his law practice to personally attend a five day trial in Columbia.

5. Scarminach has previously produced documents in response to another request by Plaintiffs and has appeared and been deposed by Plaintiffs' Counsel. Neither Debtor, nor her Counsel appeared at the Deposition.

6. In light of this Court's initiative in developing and encouraging video participation in hearings and other matters, if the Subpoena is not quashed, and attendance is still required, then it is requested that Scarminach be allowed to participate via video from his office or such other similar means. If the subpoena is not quashed, and attendance by video is not permitted, then it is requested the Court take steps to minimize the amount of time Scarminach is required to be personally present at the trial in Columbia for the specified period of time and consider setting a date certain and time at which Scarminach should be present in Columbia.

7. By filing this request and requesting modification of the

    Subpoena, Scarminach is not waiving his right to assert attorney-client privilege or any other privilege or protection to the extent the same has not been waived or limited by his Client. Scarminach is also informed and believes that his compelled testimony may require disclosure of privileged matters, and he has not received a written waiver of any privileged matters from the Debtor.

8.    The undersigned certifies he has conferred with opposing counsel as required by SCLBR 7026-1, and opposing counsel repeatedly expressed a willingness to explore alternatives.

    Wherefore, Scarminach requests that after appropriate notice this Court schedule any necessary hearing, enter an order either quashing the subpoena or modifying the subpoena or setting such protections and limits so the scope of the attendance at the trial is consistent with the applicable rules and case law, for reimbursement of any appropriate costs and fees, and for such other relief as is just.

December 8, 2017

                                  /s/ John B Butler III\_\_\_
                                John B Butler III
                                Attorney for Charles A. Scarminach
                                1217 Anthony Ave.
                                Columbia, SC 29201
                                803-256-9661; ID#1632
                                jbbiii@bellsouth.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re | ) Case No.      15-02250-D |
| Jennifer Rogers Bergmann | ) Adversary No.   16-80113-D |
| | ) |
| Debtor(s) | ) |
| E. Perry Burrus, III, Lake Como, LLC | ) Chapter 7<br>) |
| Plaintiff | ) Memorandum in support of<br>) Motion to quash or in the |
| v. | ) alternative modify<br>) Subpoena issued by<br>) Plaintiffs as filed by |
| Jennifer Rogers Bergmann | ) Charles A. Scarminach<br>)<br>)<br>)<br>)<br>) |
| Defendant(s) | ) |

**I**

Fed. R. Civ. P. 45 "applies in cases under the Code." Fed. R. Bankr. P. 9016.

Fed. R. Civ. P. 45 states:

 Rule 45. Subpoena
 (a) In General.
     (1) Form and Contents.
         (A) Requirements--In General. Every subpoena must:
             (i) state the court from which it issued;
             (ii) state the title of the action and its
             civil-action number;
             (iii) command each person to whom it is
             directed to do the following at a specified
             time and place: attend and testify; produce
             designated documents, electronically stored
             information, or tangible things in that
             person's possession, custody, or control; or
             permit the inspection of premises; and
             (iv) set out the text of Rule 45(d) and (e).
         (B) Command to Attend a Deposition--Notice of the
         Recording Method. A subpoena commanding attendance

        at a deposition must state the method for recording the testimony.

        (C) Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

        (D) Command to Produce; Included Obligations. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

    (2) Issuing Court. A subpoena must issue from the court where the action is pending.

    (3) Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

    (4) Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

    (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

    (2) Service in the United States. A subpoena may be served at any place within the United States.

    (3) Service in a Foreign Country. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

    (4) Proof of Service. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

      (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
         (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
         (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
            (i) is a party or a party's officer; or
            (ii) is commanded to attend a trial and would not incur substantial expense.
      (2) For Other Discovery. A subpoena may command:
         (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
         (B) inspection of premises at the premises to be inspected.
   (d) Protecting a Person Subject to a Subpoena; Enforcement.
      (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
      (2) Command to Produce Materials or Permit Inspection.
         (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
         (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or

     inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.
 (e) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored

       information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
       (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
       (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) Claiming Privilege or Protection.
       (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
          (i) expressly make the claim; and
          (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
       (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a

person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.
(g) Contempt. The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## II

In discussing the relevance of compelling attendance of witnesses to the determination of the proper venue for a trial, one Court stated:

> The second factor refers to Federal Rule of Civil Procedure 45, which addresses the court's subpoena power. Under that Rule, the court can compel a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A). The court can also require parties or party officers to attend a trial, hearing, or deposition anywhere in the state where the person resides, is employed, or regularly conducts business. Fed. R. Civ. P. 45(c)(1)(B)(i). Finally, the court can require a nonparty witness to travel more than 100 miles within the state where they reside, are employed, or regularly transact business only if they would not, as a result, incur "substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii).

Weaver v. Stroman, 2016 WL 7410746, at *3 (W.D. Tex. Dec. 20, 2016). See also, Quasebarth v. Green Tree Servicing, LLC, 90 F. Supp. 3d 1373, 1379 (M.D. Ga. 2015)("The Court further concludes that it is well equipped to subpoena witnesses that reside in Georgia, but more than 100 miles away from Columbus, as long as these witnesses will not incur substantial expenses. See Fed.R.Civ.P. 45(c)(1)(B)(ii).").

Rule 45 of the Federal Rules of Civil Procedure specifically protects persons subject to subpoenas. A subpoena to appear for oral testimony will be quashed under Fed. R. Civ. P. 45(c)(3) if it subjects a person to an undue burden, requires the disclosure of privileged matter, or fails to allow for a reasonable time to comply. A subpoena that requires disclosure of privileged material, where no exception applies, must be quashed. In re County of

Orange, 208 B.R. 117, 122 (Bankr. S.D.N.Y. 1997).

The movant bears the burden of proving that the subpoena imposes an undue burden on a witness. See, Id. 120; 9 Wright & Miller, Federal Practice and Procedure § 2449 (1995).

The discovery provisions of the Federal Rules of Civil Procedure are interpreted liberally to encourage the free flow of information among litigants, however limits do exist. For example, Rule 26(c) provides that, upon a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). More pointedly, Rule 45(c)(3) requires that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). See 9 Wright & Miller, Federal Practice and Procedure § 2449 (1995).

The determination of whether a subpoena is overly burdensome or unreasonable is in the discretion of the trial court. See, United States v. International Bus. Machs. Corp., 70 F.R.D. 700 (S.D.N.Y. 1976). The Advisory Committee described an "undue burden" under Fed.R.Civ.P. 45(c)(3)(A)(iv) as a situation where an adversary is "compelled to attend trial and incur substantial travel expenses even though it is known that the adversary has no personal knowledge of the dispute." Other examples of what constitutes an "undue burden" include "untimely service, inability to appear, inability to produce the requested documents or things, failure to identify items requested, or excessive cost." Moore's Federal Practice § 45.04[3][b] (citations omitted).

One factor to be considered in whether a subpoena is reasonable is the willingness of the requesting party to narrow the scope of its subpoena. See, Tiberi v. CIGNA Insurance Co., 40 F.3d 110, 112 (5th Cir.1994)(Requesting party's good faith efforts to negotiate reasonable parameters on a subpoena duces tecum were sufficient to prelude an award of sanctions under Rule 45(c)(1).); Avalon Risk Management Ins. Agency v. Taylor, 2014 WL 808156, at *4 (S.D.Fla. Feb. 28, 2014)(Plaintiff took "reasonable steps to avoid imposing undue burden or expense" on the subpoena recipients where

the Plaintiff engaged in "long negotiations" that ultimately narrowed the subpoena).

The Court may also permit a witness to testify via video to prevent the imposition of undue burden or expense. See, Corbello v. Devito, 2:08-cv-00867-RCJ-PAL (D. Nev. Oct 3, 2016)("Witness Thomas DeVito resides in Las Vegas and is in poor health. The Court will permit him to testify by video teleconference from Las Vegas if necessary."); Eakin v. Rosen, 2015 WL 8757062, at *10 (S.D. Ga. Dec. 11, 2015)("Defendants could mitigate this expense by not requiring their witnesses to travel for depositions.").

The Court has discretion to determine whether a motion to quash under Fed. R. Civ. P. 45 should be construed as a motion for protective order under Fed. R. Civ. P. 26(c). See, Matter of Interco, Inc., 139 B.R. 224 (Bankr. E.D. Mo.1992).

### III

The attorney or party responsible for issuance and service of a subpoena has a duty to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Fed.R.Civ.P. 45(c)(1).

Breach of the duty to avoid undue burden or expense in connection with the subpoena is enforced by exposure to a sanction that may include, but is not limited to, lost earnings and a reasonable attorney's fee. Fed.R.Civ.P. 45(c)(1).

The 1991 advisory committee note to Fed. R. Civ. P. 45(c)(1) states:

> Paragraph (c)(1) gives specific application to the principle stated in Rule 26(g) and specifies liability for earnings lost by a non-party witness as a result of misuse of the subpoena. No change in existing law is thereby effected. Abuse of a subpoena is an actionable tort, Board of Ed. v. Farmingdale Classroom Teach. Ass'n, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), and the duty of the attorney to the non-party is also embodied in Model Rule of Professional Conduct 4.4. The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas. The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty.

"Rule 45(d)(1) does not require that the Court impose

sanctions any time that it modifies or quashes a subpoena as overbroad or imposing some undue burden but rather where the party issuing the subpoena failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." <u>Andra Grp., LP v. JDA Software Grp., Inc.</u>, 312 F.R.D. 444, 459 (N.D. Tex. 2015). See also, <u>SAJ Distribotrs, Inc. v. Sandoz</u>, 2008 WL 2668953, at *3 (D.N.J. June 27, 2008)("[A]ttorney fees are generally awarded only in the most egregious of circumstances, such as when a party has clearly breached Rule 45").

Respectfully submitted.
December 8, 2017

                        /s/ John B Butler III
                        John B Butler III
                        Attorney for Defendants
                        1217 Anthony Ave.
                        Columbia, SC 29201
                        803-256-9661
                        ID#1632

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re ) | Case No.    15-02250-D |
| Jennifer Rogers Bergmann ) | Adversary    16-80113-D |
| ) | |
| Debtor(s) ) | |
| E. Perry Burrus, III, Lake Como, LLC ) | Chapter  7 |
| Plaintiff ) | |
| v. ) | Affidavit of Service |
| Jennifer Rogers Bergmann ) | |
| Defendant(s) ) | |

    I, the undersigned assistant of John B Butler III, do hereby certify that I have mailed a copy of the motion to quash or modify subpoena or for protective order and memorandum filed by Charles A. Scarminach  by mailing a copy of the same by United States Mail, First Class, Postage Prepaid, to the following addressee(s) at the following address(es):

PARTIES SERVED:
J. Ashley Twombley
TWENGE + TWOMBLEY LAW FIRM
311 Carteret Street
Beaufort, South Carolina 29902

Michael G. Matthews
2015 Boundary St., Ste. 319
Beaufort, SC 29902


/S/ Libby B. Berry
Libby B. Berry

Sworn to before me this
December 7, 2017

 /s/ Allen B. Wise            (LS)
Notary Public for South Carolina
My Commission Expires:12/31/25